# Merriweather *v.* The State.

### Violating Prohibition Law.

#### (Decided February 10, 1916. 70 South. 995.)

1. **Intoxicating Liquors; Evidence.**—Where the prosecution was for violating Acts 1915, p. 45, by having in possession more than two quarts of whisky, and it was shown that defendant was a passenger on the train on which a trunk was carried and seized and found to contain 150 half pints of whisky, evidence that defendant had control of the trunk and superintended its packing in a wholesale liquor store the day before in the town from which it was shipped, was admissible.

2. **Same.**—It was competent under such a charge to introduce evidence tending to identify defendant's trunk containing liquors in prohibited quantities.

3. **Same.**—In such a prosecution evidence tending to connect defendant with a trunk containing 150 half pints of whisky, or with the possession of such trunk, was sufficient to make out a prima facie case under the statute.

APPEAL from Tuscaloosa County Court.'

Heard before Hon. H. B. FOSTER.

Lulu Merriweather was convicted of having in her possession more than two quarts of whisky, and she appeals. Affirmed.

No counsel marked for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

[Merriweather v. The State.]

PELHAM, P. J.—(1) The defendant was charged with having in possession more than 2 quarts of whisky, in violation of the prohibition law.—Acts 1915, p. 45. A trunk, with which the state sought to connect the defendant, was seized on a dray in Tuscaloosa and found to contain 150 half pints of whisky. Possession of the liquor in prohibited quantity being the gist of the offense charged, the court was not in error in permitting evidence, against defendant's objection, tending to connect the defendant with possession of the trunk by showing that she had control of the trunk and had superintended its packing the day before in a wholesale liquor store in Bessemer, Ala., and ordered a drayman to take the trunk to the railroad station in Bessemer. It was shown that the defendant was a passenger on the train going from Bessemer to Tuscaloosa on which the trunk was carried, and the fact that defendant was exercising acts of control or ownership over the trunk at Bessemer was relevant and pertinent to the issues before the court. This evidence was certainly admissible under the rule allowing all parts of one continuous transaction, although they may have no immediate connection with the offense charged, to be introduced for the purpose of shedding light on the main inquiry.—*Jordan v. State*, 81 Ala. 30, 1 South. 577.

(2) There was no error in admitting the evidence tending to identify the trunk containing liquors in prohibited quantities. —*Hester v. State*, 103 Ala. 83, 15 South. 857.

(3) The evidence introduced by the state having a tendency to connect the defendant with the possesion of the trunk taken from the dray in Tuscaloosa containing 150 half pints of prohibited liquors, was sufficient, under the prohibition law, to make out a prima facie case, and we cannot say, on review of the judgment of the primary court, indulging the presumption of correctness in the findings of that tribunal that is the well-recognized rule, that it was in error in its adjudication finding the defendant guilty of the offense charged.

Affirmed.