## TURBEVILLE *vs.* THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

1. *Charge refused presumed abstract.*—A charge asked and refused will be presumed to be abstract, unless the contrary is affirmatively shown by the record.
2. *Conviction of assault and battery, under indictment for assault with intent to murder.*—Under an indictment for an assault with intent to murder, if the special intent charged is not proved, the defendant may nevertheless be convicted of an assault, or an assault and battery; consequently, a charge to the jury, asserting that they "can not find the defendant guilty" unless the special intent is proved, is properly refused.
3. *Charge on sufficiency of evidence; explanatory charge.*—The court having instructed the jury, at the prisoner's request, that they must find him not guilty, "unless the evidence was such as to exclude to a moral certainty every supposition but that of his guilt"; it is not error to add, by way of explanation, "that this only means that they must be satisfied beyond a reasonable doubt of his guilt."

FROM the Circuit Court of Monroe.
Tried before the Hon. JOHN K. HENRY.

THE prisoner in this case was indicted, at the September term, 1865, of said circuit court, for an assault on George W. Rowell and Martha Rowell, with intent to murder them ; and was tried, on issue joined on the plea of not guilty, at the April term, 1867, when he reserved the following bill of exceptions:

"Be it remembered, that this case came on to be tried at the spring term, 1867, of said circuit court; and the defendant moved the court to charge the jury as follows: 1st, that unless they believe, from the evidence, beyond a reasonable doubt, that the defendant did assault George W. Rowell and Martha Rowell, with intent to murder them, they can not find the defendant guilty under this indictment; 2d, that unless they believe from the evidence, beyond a reasonable doubt, that the defendant did assault Martha Rowell, as well as George W. Rowell, with intent to murder her, they can not find the defendant guilty under this indictment; 3d, that they must find the defendant not guilty, unless the evidence against him is such as to exclude to a moral certainty every supposition but that of his guilt. The court refused to give the first charge asked, to which refusal the defendant excepted. The court also refused to give the second charge asked, to which defendant excepted. The defendant then asked the court to give the third charge above specified, which charge the court gave, with the following qualification: that the charge given only meant, that the jury must be satisfied, beyond a reasonable doubt, of the guilt of the defendant. The defendant excepted to the court refusing to give said charge without said qualification, and to the said qualification given of said charge."

J. W. POSEY, and S. J. CUMMING, for the prisoner.
JOHN W. A. SANFORD, Attorney-General, *contra*.

A. J. WALKER, C. J.—The bill of exceptions in this case does not set forth any evidence whatever. It consists alone of a statement of three requests to charge, of the refusal of two of them, of the giving of the third, with what is denominated a qualification, and of the defendant's exceptions to the refusals to charge, and to the charge given. It is settled in this court, that when a charge is asked and refused, it will be presumed to have been abstract, although otherwise unobjectionable, unless the contrary is shown by a statement of the evidence.—*Morris v. State*, 25 Ala. 57; *Dent v. Portwood*, 17 Ala. 242; *Wilson v. Calvert*, 19 Ala. 274; *Leverett v. Carlisle*, 19 Ala. 80; *Stein*

*v. Ashby,* 30 Ala. 363 ; *Partridge v. Forsyth,* 29 Ala. 200 ; *Brown v. Cockerell,* 33 Ala. 38 ; *Gunn v. Howell,* 35 Ala. 144; *Aiken v. State,* 35 Ala. 399 ; *Donohoo v. State,* 36 Ala. 281 ; *McGehee v. State,* 37 Ala. 161 ; *Knox v. Easton,* 38 Ala. 345.

2. It is possible that the pertinency of the two charges asked and refused may be inferred from the pleading; and we pass by the question, whether those charges should not be presumed to have been abstract, and therefore properly refused. Even if we concede that those two charges were not abstract, there was a ground upon which the court below was bound to refuse them. They assert that the jury "must find the defendant not guilty," if they entertained a reasonable doubt as to the defendant's intent to murder the two persons specified in the indictment. The law is, that the defendant could have been found guilty in the absence of the intent to murder. The conclusion of not guilty could not be predicated of the premises of the charges; and for that reason, if no other, the defendant had no right to have them given. The precise point was so ruled by this court in *Mooney v. State,* 33 Ala. 419.

3. The third charge asked was, that the defendant should be found not guilty, unless the evidence against him was such as to exclude to a moral certainty every supposition but that of his guilt. This charge the court gave. The complaint is, that the court gave it with the qualification, that the jury must be satisfied, beyond a reasonable doubt, of the guilt of the defendant. This charge as given was an indisputably correct statement of the law; and in *Mose v. State,* (36 Ala. 211, 231,) it was decided to be substantially the same with a charge identically the same in substance with the charge asked and given in this case. There was, therefore, no error in charging the jury, that the charge given on the defendant's request had the meaning stated by the court. The charge, as given by the court of its own motion, was an *explanation* of the charge given on request, but was not a *qualification* of it. If, therefore, the court had instructed the jury, that the former was a qualification, it would have been incorrect. But, while the bill of exceptions denominates the former a qualification of the latter, it does not appear that the court so instructed the jury,

45

or that any point was made, or exception taken, on the use of the term *qualification* by the court. We can not affirm, either that there was error in the explanatory charge given by the court, or in the manner in which it was given.

The judgment is affirmed.