# Williams *v.* The State.

*Indictment for Forgery.*

1. *Demurrer not shown by the record.*—Demurrers not appearing in the record cannot be considered by the court.

2. *Explanatory charge.*—When the defendant asks the written charge, that, "if there is a probability of the defendant's innocence, then the jury should acquit the defendant," it is not error for the court, *ex mero motu*, to explain to the jury, orally, the definition and meaning of the word, "probability."

FROM the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The defendant was indicted and tried for forgery, at the Fall Term, 1892. The defendant asked the written charge: "If there is a probability of the defendant's innocence, then the jury should acquit the defendant," which was given, with the oral explanation to the jury, that "probability is the state of being probable," and that "probable had been defined to be, having more evidence for than against—supported by evidence which inclines the mind to belief, but leaves some room for doubt." To this oral charge, or explanation, the defendant excepted, and takes this appeal.

*Note.* No briefs came into the hands of the Reporter.

HEAD, J.—The minute entry recites that the defendant demurred to the indictment on the grounds set forth in the demurrer, which the court overruled. There is no demurrer in the record, and we have no brief pointing out the supposed defects. We are unable to see any defect or insufficiency in the indictment.—*Rembert v. State*, 53 Ala. 467; *Horton v. State, Ib.* 488; *Hobbs v. State*, 75 Ala. 1; *Johnson v. State*, 35 Ala. 370; Code 1886, § 4385. It follows the language of the statute.—Code, § 3852.

[Horn v. The State.]

The defendant objected to the introduction of the instrument, the subject of the alleged forgery, on the same grounds as those stated in his demurrer to the indictment. There being no demurrer in the record, we are not informed what those grounds were. We can see no objection to the admissibility of the paper.

The charge given by the court, to which exception was reserved, was in exact accord with what was said in *Bain v. State*, 74 Ala. 38, and was free from error.

The judgment of the Circuit Court is affirmed.

Affirmed.

