# Hester v. The State.

*Indictment for buying and receiving Stolen Property.*

1. *Formation of grand jury when no juries returned.* Where, through mistake, jury commissioners, in returning the several lists of grand and petit jurors drawn to serve at the spring and fall terms of the circuit court in a particular year, certify that certain named persons "were duly and legally drawn as grand jurors for the fall term" in each instance, and in consequence of such mistake no grand jurors were summoned for the spring term, the court may, at such spring term, under the authority of the statute, (Code, § 4316), order the sheriff to summon forthwith from the qualified citizens a sufficient number of persons to serve as grand jurors for that term; and an indictment preferred by such grand jury should not be quashed because the grand jury was thus organized.

2. *Indictment for buying and receiving stolen property; when sufficient.* An indictment which charges that the defendant "did buy, receive, conceal, or aid in concealing," certain articles of personal property of specified value, alleging their ownership by a particular person, "knowing that they were stolen, and not having the intent to restore them to the owner," is sufficient in form, and not demurrable.

3. *Evidence; permissible to identify stolen goods by certain marks.*— On a trial under an indictment for buying or receiving stolen goods, it is permissible for a witness to testify that he knew the goods in the possession of the defendant were the goods stolen by reason of certain marks on them, which marks he described.

[Hester v. The State.]

4. *Same; hearsay evidence not admissible.*—On the trial of a criminal case, a conversation which a State witness testifies he had with one of the defendant's witnesses, in the absence of the defendant, about what another person said to the latter witness, is merely hearsay, and is not admissible in evidence.

5. *Same; sufficiency to justify conviction for receiving stolen goods.*— To justify a conviction under an indictment for buying or receiving stolen goods, it is not necessary for the State to satisfy the jury beyond a reasonable doubt as to the precise time when, or the exact place where, the goods were stolen, or to identify the thief; it is sufficient if the proof satisfies the jury beyond a reasonable doubt that the goods were stolen, and that the defendant bought or received them, knowing they were stolen, not having the intention to return them to the owner.

6. *Charge to the jury; when acquittal not proper though jury may believe defendant's own testimony.*—When, on a trial under an indictment for buying or receiving stolen property, although the defendant's testimony as a witness in his own behalf might be true, the jury might believe, in the light of all the evidence in the case, that the goods were purchased or received under such circumstances that a reasonable man of ordinary observation must have known they were stolen, a charge is properly refused which instructs the jury that "If, from all the evidence in this case, they believe the defendant's account of this transaction is the correct one, then they must acquit the defendant."

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JOHN B. TALLY.

The appellant was indicted, tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment William H. Hester did buy, receive, conceal, or aid in concealing, one hundred and ninety pairs of shoes, of the value of one dollar per pair; nineteen ladies hats, of the value of one dollar per hat; five children's caps, of the value of twenty-five cents per cap; one hundred bottles of quinine, of the value of forty cents per bottle; a lot of artificial flowers, of the value of five dollars; the personal property of the Alabama Great Southern Railroad Company, a corporation under the laws of the State of Alabama, knowing that they were stolen, and not having the intent to restore them to the owner, against the peace," &c. This indictment was preferred at the spring term 1894 of the circuit court of DeKalb county. The defendant demurred to the indictment, on the ground that it fails to aver that the defendant knew that the

[Hester v. The State.]

goods, alleged to have been received, had been stolen, and that the defendant had not the intent to restore them to the owner. This demurrer was overruled, and the defendant duly excepted. The defendant moved to quash the indictment on the grounds : 1st, that the grand jury finding said indictment was drawn, impannelled and organized contrary to law ; and, 2d, because there was a grand jury drawn by the commissioner's court of DeKalb county, according to the law in such cases made and provided. Upon the hearing of this motion, it was shown that at their last meeting in November, 1893, the jury commissioners of DeKalb county drew the grand and petit jurors for the spring and fall terms of the circuit court for 1894. After the drawing of said jurors they delivered to the clerk of the circuit court two envelopes, which were endorsed, respectively, "Grand and petit jurors, Spring Term, 1894," and "Grand and petit jurors, Fall Term, 1894." In the envelope which was marked "Grand and petit jurors, Spring Term, 1894" there was a list of 18 names, which was headed as follows :

"State of Alabama,
DeKalb County. } Fall Term, 1894. Grand Jurors.

"At a meeting of jury commissioners of said county held on 17th day of November, 1893, the time prescribed by law, the following named persons were duly and legally drawn to serve as grand jurors for the fall term of circuit court 1894 of said county ;" and in the envelope marked "Grand and petit jurors, Fall Term, 1894," there was a list with the same heading, containing the names of different persons. In view of these facts, the clerk of the circuit court did not deliver to the sheriff a list of the grand jurors to be summoned for the spring term, 1894. When the circuit court of said county convened for the spring term, and it was ascertained that no grand jury had been drawn and summoned, the court ordered the sheriff to summon, forthwith, from the qualified citizens of said county, 18 persons qualified to serve as grand jurors ; and upon the sheriff executing said order, the persons so summoned appeared, and upon the court being satisfied that they were competent to serve as grand jurors at said spring term of the court, a grand jury was duly organized. It was this grand jury that preferred the indictment against the defendant in this case. Upon

these facts, the court overruled the motion to quash the indictment, and the defendant duly excepted.

Upon the trial of the cause, as is shown by the bill of exceptions, the State introduced evidence tending to show that the defendant had in his possession goods which had been stolen from a car of the Alabama Great Southern Railroad Company. The goods then in possession of the defendant were identified by various witnesses. Upon several witnesses testifying that they knew they were the same goods which had been stolen, by certain marks upon them, which they described, the defendant moved to exclude such testimony, on the ground that the goods themselves would be the best evidence of the marks. The court overruled this motion, and the defendant duly excepted.

The testimony for the defendant tended to show that he bought the goods claimed to have been stolen from a peddler, whom he did not know, and that he did not know, nor had any reason to believe, that the goods were stolen. There was testimony introduced by the defendant to show that at the time of the alleged purchase by him from the peddler, the peddler was seen at a village a short distance from the defendant's store, and was also seen at the defendant's store. One of the witnesses so testifying was William King. In rebuttal to such testimony, the State introduced one S. C. Adams, as a witness, who, after testifying that he knew the said William King, was asked by the State about a conversation between him, the witness, and said King, in which King told about one Bill Allen speaking to King about the defendant. The defendant objected to this question, and duly excepted to the court's overruling his objection. The witness then answered that in the conversation with the said King, he said that Bill Allen came to his, King's house, a short time after the defendant was arrested, and asked him, King, if he could help him, the defendant, as he had gotten into a very bad scrape ; the railroad claiming that Hester, the defendant, had in his possession goods which had been stolen from it. The defendant moved to exclude this testimony of the witness, as to the conversation with King, and duly excepted to the court's overruling his motion. One John Rush was introduced as a witness for the State, and testified to substantially the same thing in reference to a conver-

[Hester v. The State.]

sation between him and the said King. The defendant moved to exclude this testimony also, but the court overruled his motion, and the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give, among others, the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The court charges the jury that before there can be a conviction in this case, there must be that measure of proof of the stealing of the goods alleged to have been received by the defendant, as would warrant a conviction of the real thief, if he were on trial for the stealing of goods in question. And that the thief would have to be some other person than this defendant." (2.) "Unless the proof is such in this case that there could be a conviction of the real thief if he were on trial, there can be no conviction. And if it is uncertain from this proof that the goods were stolen, and if you have a reasonable doubt as to who stole the goods, if stolen at all, the defendant is not guilty." (3.) "The court charges the jury that the guilt or innocence of Hester can in no manner be affected by statements made by third persons not in Hester's presence, whether they be inculpatory or exculpatory." (4.) "Unless the jury is reasonably satisfied from the testimony, beyond a reasonable doubt, who was the person who stole the goods, there can be no conviction."

HOWARD & EWING and DAVIS & HARALSON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of the offense of buying and receiving stolen property, knowing the same to have been stolen, and not having the intent to restore it to its owner. No grand jury had been summoned for the regular term of the court, at which the indictment was presented. Section 4316 of the Criminal Code is as follows : "If, in consequence of any neglect on the part of the judge of probate, sheriff or clerk of the circuit or city court, or from any other cause, no grand or petit jury is returned to serve at any

[Hester v. The State ]

term of the court, or no petit-jury summoned for any week thereof, the court may, by an order entered in the minutes, direct the sheriff forthwith to summon eighteen persons qualified to serve as grand jurors, and the requisite number to serve as petit jurors.'' The grand jury was summoned and organized under this provision of the statute. The grand jury thus organized was a legal body, and the court did not err in refusing to quash the indictment, upon the ground that it was preferred by an illegal grand jury. Under the circumstances the court complied strictly with the law. The indictment is sufficient in form, and the demurrer was properly overruled.

There was no error in admitting the evidence which tended to identify the goods, and to prove ownership. The court erred in permitting the witness Adams to testify as to the conversation between himself and the defendant's witness, King. These statements of the witness King to Adams were merely hearsay as testimony against the defendant. Such statements were admissible only for the purpose of impeaching the witness King, and to render them admissible for this purpose, it was necessary to lay a proper predicate, by first asking the witness King, giving time, place and circumstances, whether or not he had made such statements. No such or other predicate was laid for the introduction of this conversation. For the same reason the court erred in allowing the witness John Rush to testify as to the conversation he had with the witness King. These errors require a reversal of the case

The State was not required to satisfy the jury as to the precise time when, or the exact place where, the larceny was committed, or to identify the thief.—*The State v. Murphy*, 6 Ala. 845. It was sufficient if the jury were satisfied beyond a reasonable doubt that the goods were stolen, and that the defendant purchased them, or received them, knowing they were stolen, and not having the intent to return them to the owner, as charged in the indictment.—*Collins v. The State*, 33 Ala. 434.

We presume the charge requested, which had reference to statements of third parties, was based upon the conversations had with the witness King, which we have held were erroneously admitted.

We find one charge refused, which, on first reading,

[Hester v. The State.]

we were of opinion should have been given. It is as follows : "The court charges the jury that a probability of the defendant's innocence is a just foundation for a reasonable doubt of his guilt, and, therefore, for his acquittal ; and if, from all the evidence in this case, they believe the defendant's account of this transaction is the correct one, then they must acquit the defendant." The first part of this charge asserts the law correctly, as has been held many times.—*Prince v. The State*, 100 Ala. 144 ; *Bain's Case*, 74 Ala. 38 ; *William's Case*, 98 Ala. 22. The latter part of the charge is, that "if, from all the evidence in the case, they believe the defendant's account of the transaction is the correct one, then they must acquit the defendant." We have examined with care the testimony of the defendant, and find in the light of all the evidence that defendant's "account" may be "correct," and yet the jury might find him guilty. The indictment is for buying or receiving stolen property. In his testimony the defendant states that "he did not know whose goods they were, or where they came from." He states that "the peddler (from whom he bought the goods) *said* that he was from Sand Mountain, and that he bought the goods in Rome, Georgia. * * * The peddler gave his name as 'Hell Roaring Johnson.' " All this might be true, and yet the defendant, under the circumstances, may not have credited the statement of the peddler. It nowhere appears from his own statements that the goods were bought in good faith. His version of the transaction might be true, and yet a jury might believe, in the light of all the evidence, that the goods were bought or received under such circumstances that a reasonable man of ordinary observation must have known they were stolen.—33 Ala., *supra*. The defendant stated, he did not know the peddler, had never seen him before nor since, and "supposed he was going under a fictitious name." These statements, considered in the light of other evidence in the case, did not require an acquittal, although they may have been true. The court did not err in refusing the charge.

For the errors pointed out in the admission of illegal evidence; the case is reversed.

Reversed and remanded.