# Callaway & Truitt *v.* Gay.

### *Action of Assumpsit.*

1. *Evidence; when statement of an account not admissible in evidence.*—In an action of *assumpsit*, where the plaintiff, while testifying as a witness, is shown the statement of an account

[Callaway & Truitt v. Gay.]

between himself and the defendant, which statement was made out by himself, and, after the plaintiff was asked if the statement of the account was correct, the plaintiff's attorney, without waiting for answer to such question, then calls the attention to the balance shown by said statement to be due plaintiff, and offers such statement of account in evidence, the admission in evidence of such statement is error; it not being shown that the account was correct, or that the plaintiff, as a witness, testified that the balance as shown was correct.

2. *Same; same; when not error without injury.*—In such a case, the fact that the bill of exceptions does not contain all the evidence, or does not purport to set out all the evidence, is not sufficient to raise the presumption that there was other evidence to justify the rulings of the trial court; since, when rulings of the court on evidence are presented, and error is shown, such error raises the presumption of injury, and must work a reversal unless the record clearly shows that no injury could have resulted.

3. *Trial and its incidents; written charges given at the request of either party to suit can be explained, but not qualified.*— While, under the statute, charges requested by either party to a suit, in writing, must be given as written without any qualification by the court (Code, Sec. 3328), yet it is within the province of the court to give to the jury explanations of the charges which it has given at the request of a party to the suit.

4. *Same; same; case at bar.*—Where, at the request of a defendant in a civil suit, the court gives a written charge which instructs the jury that "The burden of proof is on the plaintiff to satisfy the jury to their reasonable satisfaction by a preponderance of the testimony," it is within the province of the court to explain to the jury what such charge means, as by stating "That from the evidence in this case, you must be reasonably satisfied that," and such explanation does not amount to a qualification of the charge, as given. (*Lyon & Co. v. Kent*, 46 Ala. 656, *overruled.*)

APPEAL from the Circuit Court of Lee.

Tried before the Hon. A. A. EVANS.

This was an action of *assumpsit* upon the common counts, and was commenced by an attachment sued out by the plaintiff against the defendants, they being non-residents.

The facts of the case, necessary to an understanding of the rulings of the court upon the evidence which is presented for review, are sufficiently stated in the opinion.

[Callaway & Truitt v. Gay.]

The court, at the request of the defendants, gave to the jury seven written charges. In reference to these charges, the bill of exceptions contains the following recitals: "As soon as defendants' attorney had finished reading said charges to the jury, the presiding judge asked him to hand these charges to the court, whereupon the presiding judge took said charges and read the charge numbered 1 to the jury, which was as follows: 'The burden of proof is on the plaintiff to satisfy the jury to their reasonable satisfaction by a preponderance of the testimony, that the defendant agreed to pay him a salary from and after April, 1902, and if the plaintiff has failed to carry his burden, or if the evidence is equally balanced on this proposition, they must find for the defendant.' The court then said: 'That means nothing more nor less than the court has already charged you. It simply means this: that from the evidence in this case, you must be reasonably satisfied that there was a contract of salary from April, 1902; that is all that it means. If you believe that from the evidence in this case, you must find for the plaintiff; if you do not believe it, you must find for the defendant.' 'Now, as to these charges which say that the two minds must come together: That is the law; they must have understood it that defendants were to pay plaintiff a salary—and both parties must have understood it—and also that defendants were to pay plaintiff's traveling expenses. If they both understood that, and the amount of it, that was a contract. The evidence for the plaintiff in this case tends to show that Mr. Callaway and Mr. Gay made a contract by which defendants were to pay plaintiff $75.00 per month salary. Well, if they had an understanding that defendants were to pay plaintiff $75.00 a month and his traveling expenses, and both sides understood it, that was sufficient to make a contract' ", etc. To the action of the court, in taking said charges and commenting upon them to the jury, the defendant duly excepted. There were verdict and judgment for the plaintiff. The defendants appealed, and assigned as error the several rulings of the trial court, to which exceptions were reserved.

[Callaway & Truitt v. Gay.]

GEORGE P. HARRISON, for appellant.—Before a memorandum itself can be introduced in evidence, it must be shown to have been correct when made and soon after the transaction, and the originals accounted for; but if the memorandum is only used to refresh the memory of the witness, the same predicate must be laid, except the original must not be accounted for, but the witness must be able, after having referred to the memorandum, to testify from independent recollection; but his memorandum itself is not admissible in this case unless called for by the adverse party.—*Snodgrass v. Coulson*, 90 Ala. 347; *Billingslea v. State*, 85 Ala. 323; *Stoudenmire v. Harper*, 81 Ala. 242; *Callaway v. Varner*, 77 Ala. 541; *Acklen v. Hickman*, 63 Ala. 494.

"The court is not authorized to correct or qualify written charges prepared by counsel but must give or refuse them in the terms in which they are written."— *Hooper v. State*, 106 Ala. 41.

SAMFORD & BRIDGES, *contra*.—When the bill of exceptions does not purport to set out all the evidence, this Court will, on appeal, presume that there was testimony to justify all the rulings of the primary court, if, under any state of proof, they would be free from error.— *Montgomery & Eufaula Ry. Co. v. Kolb et al.*, 73 Ala. 396; *Burgin et al. v. Raplee*, 100 Ala. 433; *Harper v. State*, 109 Ala. 28.

The statute does not prohibit the explanation of a charge, in order to relieve it from involvement or obscurity, or to make plain and interpret the terms employed, if necessary to prevent its misleading the jury, or to enable them to intelligently apply to the case before them the principles of law asserted in the charge.—*Eiland v. State*, 52 Ala. 322; *Hogg v. State*, 52 Ala. 2; *Williams v. State*, 113 Ala. 58.

DENSON, J.—The plaintiff, while testifying as a witness for himself, was shown by his attorney a statement of an account between himself and the defendants, which statement was shown to have been made out by the plaintiff. After the plaintiff had examined the statement, he was asked by his attorney, if the statement

of the account was correct. The question was objected to, the objection was overruled. The bill of exceptions then recites that, "Plaintiff's attorney then calling attention to the balance shown by the said statement to be due plaintiff to-wit; $251.25, offered said statement of account in evidence." Against the objection of the defendants the court allowed the statement of the account to go to the jury as evidence. It will be noted that the witness did not answer the question as to whether or not the statement of the account was correct, nor is it shown by the bill of exceptions that any response was made by the witness to his attorney, when the attention was called to the amount of balance due by the statement to plaintiff. In this state of the case it is manifest, that the court erred in admitting the statement of the account as evidence.—*Rice v. Schloss & Kahn,* 90 Ala. 416; *L. & N. R. R. Co. v. Cossibry,* 109 Ala. 697; *Lane v. May & Thomas Hardware Co.,* 121 Ala. 296.

But the appellee insists, that, inasmuch as the bill of exceptions does not contain all the evidence, nor purport to set out all the evidence, this Court will on appeal presume that there was evidence to justify all the rulings of the trial court.

The above is a true statement of the rule with respect to the rulings of the court in the giving or refusal of charges or findings by the court.—*Sanders v. Steen,* 128 Ala. 633, and authorities there cited. But, rule 33 p. 1201, Code 1896, which relates to the mode of framing bills of exceptions, does not require nor authorize the setting out of all the evidence in order to properly present for review the rulings of the trial court on the admissibility of evidence. And when rulings of the court on evidence are presented, and error is shown, the error raises the presumption of injury and must work a reversal, unless the record clearly shows that no injury could have resulted.—*Frierson v. Frierson,* 21 Ala. 549; *Buford v. Gould,* 35 Ala. 265; *McCargo & Cordle v. Crutcher,* 27 Ala. 171; *Thomas v. DeGraffenreid,* 27 Ala. 651; *Lawson v. O'Rear,* 7 Ala. 784.

It follows that, unless we can say from the record in this case that no injury could have resulted from the admission of the statement of the account in evidence,

the error of the court in admitting it must work a reversal. From a consideration of the statement, in connection with the recitals of the bill of exceptions, it seems to us that, to say that no injury resulted in allowing the jury to have the statement of the account containing the various items, would be merely conjectural; at least we cannot say that we see clearly that no injury resulted from it.

At the request of the defendants in writing, the court gave several charges to the jury. After the charges had been read to the jury by the defendant's counsel, the court commented upon some of them before the jury; the comments made by the court are fully set out in the bill of exceptions. It is now insisted by the appellants that the comments made by the court operated as a qualification of the charges, and were in violation of section 3328 of the Code, which provides that charges, moved for by either party in writing, must be given or refused in the terms in which they are written. This section has been many times construed by this Court, and it has been held, that, "If a requested charge is free from involvement, or tendencies to mislead, it is the duty of the court to give the charge in the precise language of the request. But if there should be apprehension in the mind of the presiding judge, that the charge at the request of either party had placed in undue prominence before the jury, any particular phase of the case, it would be his privilege, if not his duty, to give an additional explanatory charge, so as to present before the minds of the jury a fair and impartial statement of the various questions on which they are called to pronounce." Explanations are not prohibited, qualifications are.—*Eiland's case*, 52 Ala. 322.

Of the series of charges given for the defendants, those numbered 1, 3, 5 and 6 required that the jury should be reasonably satisfied by a preponderance of the evidence. Such charges have been held to be misleading, and for this reason the court might have properly refused them.—*K. C. M. & B. R. R. Co. v. Henson*, 132 Ala. 528; *U. S. Fidelity Co. v. Charles*, 131 Ala. 658; *Arndt v. City of Cullman*, 132 Ala. 540; *Carter v. Fulgham*, 134 Ala. 238.

34

[Jesse French Piano & Organ Co. v. Bradley.]

We have examined all of the written charges given for the defendants, in connection with the court's comments upon them, and construe the comments as being an explanation and not a qualification.

In the case of *Lyon & Co. v. Kent & Co.*, 45 Ala. 656, which is cited and relied upon by counsel for the appellants, several instructions at the request of one of the parties were given by the court, with the remark that they were given in connection with the main charge of the court. It did not appear from the record in that case that the instructions were moved for in writing, but the Court said, if the charges had been in writing, the remark of the court would have been a violation of the statute.—Revised Code, § 2756. The statute referred to is section 3328 of the Code of 1896. The Court in that case said, "The language of the learned judge in the court below means nothing, or it means that the charges moved for shall be, to some extent, controlled by the main charge already given. This was a qualification of the charge moved for." That case is in conflict with the rulings of this Court made in a number of cases subsequently decided, and it must be overruled upon the point under consideration.—*Baker's case*, 49 Ala. 350; *Barnard's case*, 88 Ala. 111; *William's case*, 98 Ala. 22.

For the error committed by the court in admitting the statement of the account in evidence, the judgment is reversed and the cause remanded.

Reversed and remanded.

McClellan, C. J., Haralson, Tyson, Dowdell, Simpson and Anderson, J. J., concurring.