COMMONWEALTH TOBACCO COMPANY *vs.* ALLIANCE INSURANCE COMPANY.

SAME *vs.* GENERAL FIRE ASSURANCE COMPANY.

SAME *vs.* ROYAL INSURANCE COMPANY, LIMITED.

Suffolk.   March 18, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Insurance,* Fire.   *Reference and Referee.   Words, " Bias."*

At the trial of an action by a corporation upon a policy of insurance against loss by fire in the Massachusetts standard form, it appeared that the plaintiff's claim under the provisions of the policy had been referred to referees but that the plaintiff refused to be bound by their award and based its alleged right of recovery upon a contention that the award was " so grossly and palpably below the actual loss as to be fraudulent, biased and prejudiced," and upon the allegation that it had offered to resubmit the question of loss to other referees but that the defendant had refused so to do and always had insisted upon the validity of the award.   At the trial the jury found in answer to special questions that the award was not made in good faith and that the board was not properly constituted by reason of bias on the part of at least two of its members, also answered affirmatively a question, whether the authorized representative of the plaintiff at the hearings before the referees during the course of those proceedings became aware of "any bias, prejudice or fraud on the part of a majority of the referees" and elected "not to repudiate the referees then and there but to wait to see if the outcome of the reference satisfied him, intending to abide by the award if it pleased him and to repudiate it if it did not please him;" and found generally for the plaintiff in a sum in excess of the award.   *Held,* that

(1)  By going forward with the proceedings before the referees after knowledge of " any bias, prejudice or fraud on the part of a majority of the referees," the plaintiff was precluded from complaining of the award;

(2)  The plaintiff should be given leave upon terms to amend its declaration into a claim for the amount awarded by the referees, and there should be a new trial upon that claim; and if the amendment was not made in thirty days, judgment should be entered for the defendants.

THREE ACTIONS OF CONTRACT upon policies of insurance in the Massachusetts standard form against loss by fire.   Writs dated August 15, 1919.

In the Superior Court, the actions were tried together before *Fosdick*, J. Material evidence, certain special questions submitted to the jury and the jury's answers thereto are described in the opinion. By order of the judge, the jury found for the plaintiff in each of the first two actions in the sum of $252.24, and in the third action in the sum of $1,573.44; and the defendants alleged exceptions.

*W. L. Came,* for the defendants.

*J. A. Tirrell,* for the plaintiff.

JENNEY, J. These actions are upon three policies of insurance in the Massachusetts standard form against loss caused by fire. All the policies covered the same property.

The execution and validity of the policies were admitted; no question was made as to either the happening of the fire or the proofs of loss. The cases were tried by a jury after awards had been made by referees duly appointed.

The plaintiff did not sue upon the awards but based its right of recovery upon the allegation contained in each declaration that the "award is so grossly and palpably below the actual loss as to be fraudulent, biased and prejudiced," and upon the further allegation therein contained that it has offered to resubmit the question of loss to other referees but that the defendants had refused so to do and had always insisted upon the validity of the award. All the defendants in their answers pleaded the award as a defence; and one of the issues involved was its effect. In each case the judge submitted to the jury the following question: "Did the plaintiff's treasurer, Mr. Winslowe, during the course of the reference proceedings become aware of any bias, prejudice or fraud on the part of a majority of the referees and elect not to repudiate the reference then and there but to wait to see if the outcome of the reference satisfied him, intending to abide by the award if it pleased him and to repudiate it if it did not please him?" The jury answered this question in the affirmative. The record does not show and the plaintiff does not argue that there was any objection or exception to the submission of this issue, on the ground that the evidence did not warrant its consideration. After the answer had been made, the judge denied the defendants' motions for the direction of verdicts in their favor, and subject to their exception, he ordered verdicts for the plaintiff, based on

answers of the jury to this and other questions, in amounts aggregating $1,920 with interest. The award of the referees was for $864. The uncontradicted evidence showed that the plaintiff's treasurer, Winslowe, who is named in the quoted question, represented and had full charge of the plaintiff's interests at the hearings before the referees.

The law is clear that where a party to a proceeding before arbitrators or referees is " aware of the existence of conditions which may influence the judgment of an arbitrator or referee . . . but remains silent, he cannot afterwards object to the award or report on the ground of partiality." *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 315. *Eaton* v. *Globe Rutgers Fire Ins. Co.* 227 Mass. 354, 366. Said Shaw, C. J., in *Fox* v. *Hazelton*, 10 Pick. 275, 277: " If parties are content to submit questions in controversy to those, who are known to have formed and expressed opinions upon the subject matter, or who are known to have partialities and prejudices for or against the respective parties, an award made by such arbitrators is binding; " and he further said (page 278): " In the present case, the evidence is quite sufficient to show, that if the party was not fully apprized of the partiality of the referee before the hearing, he had ample notice to put him upon inquiry, which would have led to the full knowledge of the fact; and had the exception been taken at the hearing, and the referees had persisted in proceeding, it would have been a strong ground of objection to the award."

A like result, for the same reason, follows where — following the words of the issue submitted in these cases — known " bias, prejudice or fraud " exists on the part of a referee and where the award is tainted by such impropriety. If it be assumed that this answer established nothing in excess of the weakest of the three disjunctive charges of disqualification (see *Greenfield Savings Bank* v. *Abercrombie*, 211 Mass. 252, 254) for the purposes of the case, it was a conclusive finding of known bias on the part of a majority of the referees. " Bias " in this connection is a leaning or inclination to or against a party. Its existence is inconsistent with a state of mind fully open to the conviction which evidence might produce; it impairs the moral and intellectual capacity to decide according to the evidence; the mind is not indifferent. " Arbitration implies the exercise of the judicial function. An arbitrator

ought to be free from prejudice and able to maintain a fair attitude of mind toward the subject of controversy." *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 8. The connection in which the word " bias " was used in the question indicates that the bias, prejudice or fraud referred to was against the plaintiff. As to this, the evidence and charge of the judge are conclusive.

In this case, the plaintiff, through its authorized representative, became aware — that is, knew — of the existence of at least one of the three stated objections. He did not decline to proceed before a tribunal improperly constituted, but elected " to wait to see if the outcome of the reference satisfied him, intending to abide by the award if it pleased him and to repudiate it if it did not please him."

A party cannot go forward voluntarily after such knowledge and then complain that he did not get that to which he was entitled. When he chose to proceed without protest he could not afterwards elect to repudiate the award made, if that which happened was a result which might reasonably be produced by the known infirmity. The jury found that the award was not made in good faith; but, for the reason stated, that answer, assuming that it was justified by the evidence, does not permit a recovery on the part of the plaintiff. Although the findings of the jury that the award was not made in good faith, and that the board was not properly constituted by reason of bias on the part of at least two of its members, are not in terms directed to the same thing, because bias and lack of good faith are not the same, one who knows of the existence of bias and notwithstanding willingly proceeds cannot successfully complain if the disqualified tribunal finds against him because of the infirmity found which is of the same general nature, and calculated to produce the result of which complaint is made. Both relate to the qualifications and fairness of the referees, and to their ability to render an award based upon due consideration of evidence and a disregard of improper considerations.

The exceptions to the denial of the motions to direct verdicts for the defendants must be sustained. It is not necessary to consider the defendants' other and numerous exceptions all of which relate to questions that will not arise in case there should be another trial of these cases.

The plaintiff is given liberty to amend its declarations by in-

serting a count or counts to recover the amount awarded by the referees.   The terms and form of the amendments are to be settled in the Superior Court.   If such amendments are made within thirty days after rescripts there must be new trials confined to the counts added by amendment under the permission hereby given. If no such amendments are made, judgments are to be entered for the defendants.   See *Park & Pollard Co.* v. *Agricultural Ins. Co. ante,* 187, and cases there collected.

*So ordered.*