(115 So. 418)

## WHITE v. STATE. (7 Div. 461.)

Court of Appeals of Alabama. Feb. 14, 1928.

Duke Logan, of Anniston, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. The prosecution of this appellant was for a violation of the state prohibition laws. It originated in the county court, and from a conviction in said court he appealed to the circuit court. He was there tried by a jury upon a complaint filed by the

solicitor, was again convicted, and appeals here.

There were numerous witnesses examined upon the trial, and the evidence was in sharp conflict. That for the state tended to make out the case, and was ample to justify the verdict of the jury. The evidence for the defendant tended to show that no sale of whisky was made by defendant, as testified to by state's witnesses. This conflict in the evidence presented a jury question.

The written charge (refused charge 1) refused to defendant is not predicated upon the evidence. It was properly refused. Moreover, the substance of said charge was fairly and substantially covered by given charges 5 and 7, also by the court's oral charge.

The exception to the court's oral charge was rendered innocuous by the court's subsequent explanatory charge on the point in question. The patent inadvertence complained of by the exception was fully cured by the latter statements of the court.

The defendant testified as a witness in his own behalf and thereby subjected himself to impeachment. The exceptions reserved to the action of the court in permitting the state to offer evidence of the general bad character of defendant, after so testifying, are without merit. The court specifically charged the jury that such evidence was to be considered by them solely upon the question of the credibility of defendant as a witness.

We have examined the numerous rulings of the court upon the admission of evidence and discover no prejudicial error. The record appears regular.

The judgment of conviction in the circuit court, from which this appeal was taken, will stand affirmed.

Affirmed.