42 So.2d 496

**BRYER v. STATE.**

**3 Div. 899.**

Court of Appeals of Alabama.

June 21, 1949.

Rehearing Denied July 19, 1949.

John A. Sankey and Hill, Hill, Stovall & Carter, Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

CARR, Judge.

The accused was convicted in the court below of manslaughter in the first degree.

We have reached the conclusion that the judgment of the lower court must be reversed. We will, therefore, omit any discussion of the evidence. Suffice it for us to say that clearly a jury question was posed.

Three questions are pressed for error in brief of appellant's counsel. We will respond to each of these, which appear to include all matters of meritorious moment.

On direct examination of a character witness for appellant, the following transpired:

"Q. And his reputation for peace and quiet? A. His reputation for peace and quiet is good.

"Q. All right—knowing that,—if he was to be turned loose here would you—

"The Solicitor: That has nothing to do with it, if he were to be turned loose.

"The Court: Whether he is turned loose or not here, is not competent or relevant.

"The Solicitor: We object, Your Honor.

"Mr. Sankey: You haven't heard my question.

"The Solicitor: If he is turned loose, Your Honor, we know what he is fixing to ask him, and that has nothing to do with this case.

"The Court: I sustain the objection.

"Mr. Sankey: We except.

"Mr. Hill: We would like to state into the record the substance of our question and what we expect to prove by it.

"The Solicitor: We object to that.

"The Court: I sustain the objection.

"Mr. Hill: We except."

It is insisted that by his rulings the court denied to the accused his constitutional right to be heard by counsel.

At one time the appellate courts were not privileged to review a ruling at nisi prius if an objection was sustained to a question and the objector did not disclose to the trial judge the substance of the anticipated reply.

By Acts of 1927, p. 636, now Sec. 445, Title 7, Code 1940, the legislature attempted to obviate this necessity and thereby simplify and abbreviate the proceedings.

■ However, it should be noted that the rule requiring the appellant to show error and probable injury therefrom was not annulled or abrogated by the passage of the act. Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Stallings v. State, 249 Ala. 580, 32 So.2d 236.

■ This apparent exception to the statute has application if the propounded question is so framed that it cannot be determined whether or not an answer thereto will be material and admissible. In this event the duty is imposed on the party to inform the judge what is proposed to be proved. Otherwise, the court will not be cast in error for sustaining an objection to the question. Williams v. State, 245 Ala. 32, 15 So.2d 572; Roberts v. McCall, 245 Ala. 359, 17 So.2d 159.

■ As we sense the situation in the instant matter, the central complaint is directed at the refusal of the court to allow counsel to complete his question.

It cannot be seriously questioned that ordinarily this privilege should be extended.

■ In the case at bar the introductory verbiage of the proposed question plainly disclosed that the query could not have been completed in material and admissible form. This obvious and fatal defect was apparent when the objections were interposed by the solicitor and sustained by the court.

It is conducive to orderly procedure and full fairness to all parties litigant for the court to keep the mind of the jury free of all immaterial and unauthorized impressions.

We hold that error should not be predicated on the rulings incident to this occurrence.

At the instance of the appellant the court gave this written instruction: "7. I charge you, Gentlemen of the Jury, that if a single juror has a reasonable doubt of the defendant's guilt, you should not convict him."

After reading the charge the judge stated to the jury: "That doesn't mean that you should turn him loose, it means you cannot convict him if any single juror is for acquittal—it must be a unanimous verdict."

■ The rule provides that written charges should be given or refused in the form they are tendered. Title 7, Sec. 273, Code 1940.

This mandate, however, does not prohibit the trial judge from orally explaining to the jury the legal purport of the charge, provided in so doing he does not qualify, limit, or modify the tendered instruction. Hale v. State, 10 Ala.App. 22, 64 So. 530; Eiland v. State, 52 Ala. 322.

564

■ The privilege to have written charges given in the language in which they are submitted is a substantial right. It is but just and fair to afford attorneys the opportunity of framing and presenting written charges in the terms which they believe are most apt and appropriate to give them effective application to the issues in the cause. This right the law secures, and it should not be diminished or destroyed by the court's action. The impairment of the right clearly and unquestionably arises if the trial judge by oral explanation limits, restricts, or modifies the principle contained in the given instruction.

Our task, therefore, is to determine whether or not there was an infraction of the rule in the instant case.

■ The charge could have been refused without error. It is not based on the evidence. Higdon v. State, 22 Ala.App. 28, 111 So. 757; Osborn v. State, 30 Ala.App. 386, 6 So.2d 461; White v. State, 22 Ala. App. 324, 115 So. 418.

We think, also, that it lays too great stress on the views of a single juror. Jones v. State, 213 Ala. 390, 104 So. 773; Bringhurst v. State, 31 Ala.App. 608, 20 So. 2d 885.

A verdict of guilt could not have been reached so long as a reasonable doubt persisted in the mind of a single juror. A mistrial could have resulted.

■ In explanation the court simply stated that the charge was to be taken as meaning that an acquittal would not be authorized if the indicated situation should develop, that "it must be a unanimous verdict."

We entertain the view that the effect of this statement was to obviate any misleading tendencies or possible misconception of the charge and was not a violation of the applicable rule. Dupree v. State, 33 Ala. 380, 73 Am.Dec. 422; Turbeville v. State, 40 Ala. 715; Hale v. State, supra; Williams v. State, 98 Ala. 22, 12 So. 808; Williams v. State, 113 Ala. 58, 21 So. 463; Callaway & Truitt v. Gay, 143 Ala. 524, 39 So. 277.

We come finally to review a matter upon the basis of which we must predicate error.

Appellant excepted to this excerpt from the oral charge: "We know that all people, when they are interested, tend to be biased in their testimony."

In response to the exception the court stated: "Gentlemen, there is an exception taken to one of the charges. I said that people who are biased,—that people tend to be biased who are interested. As to the other charge, part of the oral charge, my intention was to say, that 'People tend to be biased who are interested.'"

We cannot agree with the Assistant Attorney General in his position that by a consideration of the entire charge we are not authorized to base prejudicial error.

It is true that the trial judge did instruct the jury: " * * * then you should look towards the interest of each witness, what connection that witness has with the parties or facts that would tend to bias or prejudice that particular witness's testimony" and "not that 'good men and true' will swear falsely on the witness stand, but will consider their interest in the most favorable light; and the jury may look at people's testimony, if it is shown that they have some connection with the parties or facts, with that knowledge in mind" and "Now, the law says that you cannot just capriciously disregard the testimony of the defendant, because he is the defendant and he is interested in the case, but you may regard his testimony in the light of the fact that he is the defendant and he is interested in the case."

We are here confronted with a specific, unqualified statement to the effect that all witnesses who are interested will tend to be biased in their testimony.

■ Derivatively, bias means a leaning of the mind, a mental prejudice or predilection.

"In common acceptation bias covers all varieties of hostility or prejudice against the party personally or of favor to the proponent." Davis v. State, 23 Ala.App. 419, 126 So. 414, 415. See also, Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447.

" 'Bias' is a leaning or inclination to or against a party and is inconsistent with a state of mind fully open to the conviction

which evidence might produce." Common-wealth Tobacco Co. v. Alliance Ins. Co., 238 Mass. 514, 131 N.E. 213.

Some apparent confusion has arisen among the authorities relating to the extent of the propriety of the trial court to charge with reference to witnesses who are shown to be interested in the outcome of the cause.

We will not go into this matter, because, in our view, it is not pertinent to nor decisive of the inquiry at hand.

It cannot be successfully contended that the words "bias" and "interest" are synonymous terms. As applied to a witness, "interest" connotes or implies concern for the advantage or disadvantage of the parties to the cause. It is, of course, axiomatic that a defendant in a criminal case is an interested party and it is the duty of the jury to consider his or her testimony in the light of this interest. A like duty is imposed as to the testimony of any witness who is shown to have an interest.

Interest may arise from various and sundry relationships. It, of course, varies in degree. This will depend upon the peculiar facts and circumstances incident thereto.

If we consider it by any measure or standard of extent or intensity, it does not follow as a universal truism that the testimony of a person so related will tend to be biased. In fact, the contrary may appear. An interested witness, to avoid any possible criticism of his testimony, may steer very clear of a tendency to "lean" or "incline" to or against the parties litigant.

It must be conceded that the interest of a witness *may* bias his testimony.

In any event, the court's statement in the case at bar is inaccurate and improper. Its effect was to invade the province of the jury, whose duty it was to evaluate the testimony of the various witnesses and consider it in consonance with the applicable rules.

We have been favored with able briefs by both the Assistant Attorney General and counsel for appellant. Our labors in preparing this opinion have been considerably lightened on this account.

For indicated error, the judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J., not sitting.