Appellant was convicted in Houston County Circuit Court of selling marijuana. *Page 698 
Appellant was sentenced to ten years' imprisonment.
The State's first witness was Mrs. Lynn Odom, an officer who was employed as an undercover agent for the Houston County Sheriff's Department.
On July 8, 1981, around 7:30 p.m., the witness followed appellant who was driving a green Duster automobile to East Fields Avenue in Houston County. The witness made an in-court identification of appellant from the witness stand. After stopping her automobile she walked to appellant's car and saw appellant on the driver's side, a David Dozier on the passenger's side, and someone in the back seat. David Dozier got out of the automobile and the witness sat down on the passenger's side. Mrs. Odom noticed a clear plastic bag in the car containing brown material. The witness asked appellant if "this was the dope," to which appellant gave an affirmative nod. She then asked appellant if the price was still $60 and appellant again nodded yes. The witness placed three $20 bills on appellant's lap which appellant picked up. The witness left with the plastic bag.
The witness kept the bag locked in her briefcase until she turned it over to Sergeant Charles Odom, her supervisor. The witness identified the bag on the witness stand.
On cross-examination, Mrs. Odom was asked if the passenger in the back seat of the car was Russell Dozier, David Dozier's brother. She responded that she did not know who was in the back seat.
On voir dire, the witness testified that she had known David Dozier for about three weeks before the transaction. Mr. Odom had asked the informer if he could introduce her to anyone who dealt in marijuana sales so she could make a contact. According to the witness, she was to do the actual buying, not the informer.
The trial court allowed appellant to further question the witness on the subject in front of the jury. Mrs. Odom testified that the informer had called the day of the drug sale and told her that appellant was going to buy one-fourth pound of marijuana and would sell her one-half of that amount. A meeting was set up at 6:30 p.m. to consummate a deal. When appellant did not show up at 6:30, the informer called and asked to meet them where the transaction ultimately occurred.
The witness further testified that she had earlier told the informer that she would like to buy marijuana from appellant. The meeting was not set up until the informer called the day the sale occurred. The witness did not know what transpired between the time she asked the informer to make contact with appellant and the day the informer called telling her that appellant had some marijuana and wanted to sell some of it to her. However, the witness did meet appellant one week before the transaction, but she did not ask him to sell her marijuana. She denied that appellant told her that he was not going to sell her any marijuana. The witness met appellant once before the actual transaction to sell her any marijuana but did not offer to buy marijuana at that time.
Sergeant Charles Odom, Mrs. Odom's supervisor, testified that he picked up the plastic bag from Mrs. Odom. He locked the bag in the locker and then turned it over to a State lab.
On cross-examination the witness stated that he was unaware of any possible or pending charges against David Dozier. According to the witness, he thought that appellant was either on probation or serving a suspended sentence for a prior conviction, but he was not familiar with the case.
Joe Saloom, an employee of the Alabama Department of Forensic Sciences, testified that the plastic bag contained one and one-half ounces of marijuana.
Mrs. Odom was recalled for further cross-examination. On July 3, 1981, she was working undercover. The purpose of her investigations was to buy drugs.
Appellant did not call any witnesses and did not take the witness chair in his behalf.
Appellant first contends that the trial court committed reversible error in denying *Page 699 
his motion for a continuance based on the absence of Russell Dozier, the brother of a David Dozier. Russell Dozier had not been served a subpoena as he was at boot training.
There is no merit to appellant's contention.
The motion for a continuance is addressed to the sound discretion of the trial court and is not reviewable unless gross abuse is shown. Denial of a continuance is not palpable abuse of discretion in the absence of a showing as to what the witness would testify to. Goodrum v. State, Ala.Cr.App.,402 So.2d 1103 (1981); Smith v. State, Ala.Cr.App., 368 So.2d 298, cert. denied, Ala., 368 So.2d 305 (1978); Sparks v. State,46 Ala. App. 357, 242 So.2d 403, cert. denied, 286 Ala. 738,242 So.2d 408 (1970). There was no attempt at all to show what the witness would testify to if present.
Appellant also argues that the trial court erred in not instructing the jury on the defense of entrapment.
At the end of the State's evidence the following occurred:
 "MR. GRUENEWALD: Yes, sir, Your Honor. I would state to the Court that the Defendant is not going to put on any evidence. We rest. And, also request the Court to charge the Jury on the law of entrapment in the State of Alabama.
"THE COURT: All right. With that the Defendant rests?
"MR. GRUENEWALD: Yes, sir."
After the court charged the jury without charging on entrapment, appellant announced that he was satisfied with the charge. A number of requested written charges was submitted and all were given except those affirmative in nature.
The law is well settled in Alabama that the proper procedure in insuring that an omitted principle of law in the oral charge is included is to tender a written requested charge on the principle of law. Failure to follow this procedure constitutes a waiver. Wyers v. State, Ala.Cr.App., 401 So.2d 221, cert. denied, Ala., 401 So.2d 226 (1981); Hall v. State, Ala.Cr.App.,375 So.2d 536 (1979).
Appellant also argues there was insufficient evidence to convict appellant of selling marijuana.
The State presented evidence that appellant was going to buy one-fourth pound of marijuana and would sell Officer Odom one-half of that amount. Officer Odom, after following appellant's car, met him at a prearranged location. Appellant was sitting on the driver's side of the car beside a plastic bag of marijuana. Officer Odom asked appellant if that was "the dope" and appellant indicated it was. She asked him if the price was $60, and again appellant responded affirmatively. After Officer Odom picked up the bag and placed $60 in appellant's lap, appellant picked up the money from his lap.
It is the duty of this court to determine whether there was legal evidence presented from which the jury could by fair inference find a defendant guilty, and, if so, this court has no right to disturb the verdict. Jenkins v. State, Ala.Cr.App.,384 So.2d 1135, cert. denied, Ala., 384 So.2d 1141 (1980). There is ample evidence presented from which the jury could by fair inference find that appellant had illegally sold marijuana.
Neither do we find that as a matter of law appellant was entrapped.
We note that in his motion to exclude, in his request for the affirmative general charge and his motion for a new trial because of insufficient evidence, appellant never expressly based his motions on the defense of entrapment. In fact, because of appellant's failure to insure the defense was included in the trial court's charge, the defense was never before the jury. Thus, the jury could not consider the defense, regardless of the evidence presented on the issue.
In any event, the fact that the informer acting on behalf of the State or the undercover agent initiated the sale alone does not constitute entrapment as a matter of law, and the circumstances in the present case *Page 700 
do not establish entrapment as a matter of law. Pitts v. State,291 Ala. 136, 279 So.2d 119 (1973); Gilliland v. State,291 Ala. 89, 277 So.2d 901 (1973); Mullins v. State, 56 Ala. App. 460, 323 So.2d 109, cert. denied, 295 Ala. 412, 323 So.2d 116
(1975). Although the State initially contacted appellant about selling drugs, the acts of appellant in buying a fourth pound of marijuana and agreeing to sell the undercover agent half of that amount "hardly indicated a timid, law abiding soul forced into crime by the overwhelming pressures of cruel and tricky law enforcement agents." Gilliland, supra. These actions leading to the transfer indicate a criminal disposition. SeeLindsay v. State, 41 Ala. App. 85, 125 So.2d 716, cert. denied,271 Ala. 549, 125 So.2d 725 (1960).
Appellant finally argues that the trial court improperly sustained an objection to a question he asked Sergeant Charles Odom during cross-examination. From the record:
"BY MR. GRUENEWALD:
 "Q. Sergeant Odom, let me ask you this. To your knowledge, on or about this time, had David Dozier been previously convicted of any kind of criminal charge?
"MR. VALESKA: I object.
 "MR. GRUENEWALD: Judge, I am asking him for the purpose of finding out if he was on probation at this time.
"THE COURT: Why don't you ask him that then?
"BY MR. GRUENEWALD:
 "Q. Was he on probation or a suspended sentence for any violation on or before July 3rd, 1981, to your knowledge?
 "A. I believe he was on probation. I am not familiar with the case.
"Q. Do you know what kind of case it was?
 "A. I believe it was theft of property. I can't say for sure.
 "Q. All right. And, do you know who had made that case against him, that theft of property case?
"A. It was a City detective. I do not know.
"Q. And, you know that he was on probation for that?
 "A. I don't know if he was on probation or suspended sentence. I do not know the, what he was on.
 "Q. All right. Let me ask you this. On July 3rd, 1981, or before, did you have knowledge of any circumstances pertaining to David Dozier which could have possibly led to the revocation of his probation and suspended sentence? Anything he might have been involved in?
 "MR. VALESKA: I object, Judge. You allowed him to go in on whether there was the possibility of getting a warrant against him or they could arrest him for anything and he said, no, no, no.
 "MR. GRUENEWALD: That is not the same thing, Your Honor.
"THE COURT: I sustain the objection.
 "MR. GRUENEWALD: All right. Judge, wait. I have no further questioning. I would like to reserve the right to recall him."
We initially note that the trial court allowed appellant a great deal of latitude in cross-examining the witness on this issue. Appellant was allowed to ask if there was any pending charge against the informer, if the State had threatened to charge the informer, if the informer had previously been convicted of any crime, and if the informer was on probation. We also note that the witness repeatedly stated that he did not know of any charges, nor was he familiar with the probation of suspended sentence the informer was under.
Appellant correctly argues in his brief that the trial court should give a defendant wide latitude in cross-examining a State's witness as to certain witness bias or interest concerning matters about which he is testifying. Nichols v.State, 276 Ala. 209, 160 So.2d 619 (1964); Collins v. State, Ala.Cr.App., 364 So.2d 368, cert. denied, 364 So.2d 374 (Ala. 1978).
However, the appellant was not attempting to impeach Sergeant Odom or any other witness's testimony by showing bias, but was attempting to ascertain whether the informer, who was never a witness, was *Page 701 
under pressure from the State to set up the drug transaction.
The proper person to have questioned as to the possibility of any State pressure would have been the informer himself and not the third party witness who very possibly obtained the information sought to be elicited, if indeed he knew at all, in an impermissible hearsay manner. Appellant could have called the informer as an adverse witness and questioned him on the matter. In fact, appellant had subpoenaed the informer and the informer was present at trial but was never called.
Moreover, since it is not obvious from appellant's question that the answer would have been prima facie competent and admissible testimony, appellant was under a duty to make a showing as to what he expected the witness to answer and how the testimony would have been competent. McElroy's Alabama Evidence, 3rd Ed., § 425.01 (4). Ex parte Fields, Ala.,382 So.2d 598 (1980); Collins v. State, 364 So.2d 368, cert. denied, 364 So.2d 374 (Ala. 1978); Bryer v. State, 34 Ala. App. 561, 42 So.2d 496 (1949).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.