BOWEN, Presiding Judge.
Johnny Dobbins pled guilty to an indictment charging the possession of marijuana. He was sentenced to fifteen years’ imprisonment as a habitual offender. On appeal from that conviction, Dobbins raises three issues.
I
Dobbins alleges that his appointed counsel was ineffective because “counsel was appointed only a couple of weeks before trial and lacked an adequate amount of time to prepare the case for trial,” and because “counsel failed to take steps to procure the necessary witnesses or even to ascertain their identities prior to trial.” Appellant’s Brief, p. 6.
When the case was called for trial, defense counsel, at Dobbins’ request, requested a continuance:
“MR. THOMASON [Defense Counsel]: The basis for the motion is that my client says that there were other people who were present at the scene of the commission of this crime. He wanted me to subpoena them, but Mr. Dobbins was not able to supply me with the names or any addresses of any of these people. I don’t know that if at some later time that we would be able to discover the names and addresses of these witnesses.”
The trial court investigated this issue and questioned Dobbins and his attorney. Defense counsel had subpoenaed one witness. Dobbins provided the name and address of one of his missing witnesses. Counsel stated that that was the first time that he had been given a name. The court denied the continuance but told Dobbins that he could have any potential witness subpoenaed if he had a name and address.
Following this, the jury was qualified and selected. Dobbins, without having consulted with his attorney, then announced that he had not “got his case together yet” and had not “got all his evidence or nothing.” Dobbins requested a continuance so that he could “check the law book out or to see better if there’s anything in the law book that would help me out.”
When defense counsel asked Dobbins if he was satisfied with his representation, Dobbins responded, “I ain’t saying I’m not. I’m just saying that this — I’m just saying does it help me out on my behalf? That’s what I’m asking.” Dobbins then asked the court to appoint him another attorney because his present counsel had not found any law that supported his side.
After a recess, Dobbins informed the trial court of his decision to plead guilty. In determining the voluntariness of the plea, the trial court specifically and repeatedly determined that Dobbins had no questions of his attorney “before we proceed.” At one point, when asked if he had any questions that he wanted to ask his attorney, Dobbins responded, “No, sir. I just want to say I’m at the mercy of the court to, you know, help me out of this.”
*1020 Dobbins pled guilty on December 4,1984. At the sentencing hearing on February 15, 1985, Dobbins again requested new counsel. The trial court denied the request and stated, “The court is of the opinion that Mr. Thomason has represented you completely in this case as far as the case has gone. * * There has been nothing presented to the court to show that you have not been completely represented to this point.” The court also denied Dobbins’ motion to be allowed to withdraw his guilty plea.
Dobbins has not shown that his appointed counsel was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial judge’s findings of competency are supported by the record and have not been impeached.
II
The trial court did not abuse its discretion in denying the requested continuance. Dobbins did not inform his own counsel of the name and address of one of his witnesses until the very day of trial. There has been no showing that any other witness could ever be located. There has been no showing made as to the expected testimony of any witness, or to “the nature and materiality of the evidence sought” of those witnesses. Gast v. State, 232 Ala. 307, 310, 167 So. 554, 556 (1936). “Denial of a continuance is not palpable abuse of discretion in the absence of a showing as to what the witness would testify to.” Fields v. State, 424 So.2d 697, 699 (Ala.Cr.App.1982).
III
In his brief, Dobbins recognizes that the grounds for his motion to withdraw his guilty plea “are not spelled out in the pleadings,” but argues that he “was forced to plead guilty because the meager efforts he had been able to make on his own behalf from behind the doors of his cell had proven insufficient.” Appellant’s Brief, pp. 11-12. Our review of the record convinces this Court that Dobbins’ lack of trial preparation is attributable to his own failure in communicating the material facts and information concerning his allegedly missing witnesses to his appointed trial counsel. Dobbins should not be allowed to profit from his own error.
Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.