HENRY K. HYDER & another *vs.* OLD COLONY INSURANCE COMPANY.

SAME *vs.* DETROIT FIRE AND MARINE INSURANCE COMPANY.

SAME *vs.* THE MECHANICS INSURANCE COMPANY OF PHILADELPHIA.

SAME *vs.* THE WORLD FIRE AND MARINE INSURANCE COMPANY.

SAME *vs.* FEDERAL INSURANCE COMPANY.

Essex.    May 15, 16, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Insurance,* Fire: reference.  *Reference and Referee.  Waiver.*

At the trial of an action upon a policy of fire insurance in the Massachusetts standard form, there was evidence that the insured property was damaged by fire while the policy was in force; that, the parties being unable to agree upon the amount of the loss, three referees were selected and the parties executed an agreement for reference which contained a provision that they waived objection to any referee "on the ground of his having acted in a like capacity within four months"; that the plaintiff knew of such provision and, before executing the agreement and "Just simply to protect my rights," he asked the referee selected by the defendant whether he had "served in a similar capacity," to which the referee replied, "I have, but not for the same" company; that the plaintiff thereupon signed the agreement; that, at about the time when the hearings by the referees were concluded, the plaintiff was informed that said referee had acted as referee for the defendant within four months; that he asked the referee if this were true; and that the referee said "No."  Records of the commissioner of insurance were put in evidence showing that the referee had acted as such for the defendant within four months.  The trial judge allowed a motion by the defendant that a verdict be ordered for the plaintiff for the amount of the referees' award, stating to the jury that "there is no evidence to be submitted to you, attacking either the validity or the finality of the award."  *Held,* that

(1) There was evidence for the jury on the question whether, in all the circumstances and acting as a reasonable man, the plaintiff was justified without other investigation than such as he made in believing that the referee selected by the defendant had not acted in like capacity within four months, and whether he was ignorant of the disqualifica-

tion of said referee before the close of the hearing and declaration of the award of the referees;

(2) It could not properly have been ruled as a matter of law that the plaintiff had waived any right he may have had to object to said referee;

(3) The ruling by the judge with reference to the validity and finality of the award was erroneous.

FIVE ACTIONS OF CONTRACT upon policies of fire insurance in the Massachusetts standard form. Writs dated December 14, 1926.

Material evidence at the trial of the actions together in the Superior Court before *Brown*, J., is stated in the opinion. Upon a motion by the defendant in each action he ordered a verdict for the plaintiff in a sum representing the same proportion of the referees' award as the defendant's policy bore to the total amount of insurance; and reported the actions for determination by this court upon a stipulation that, if the ordering of the verdicts was erroneous, judgment should be entered for the plaintiff against the defendant in each action for a certain specified sum.

*J. P. Kane*, for the plaintiffs.

*B. A. Brickley*, (*H. W. Cole* with him,) for the defendants.

PIERCE, J. These cases of contract are based upon certain Massachusetts standard form policies, St. 1907, c. 576, § 60, issued by the several defendants to the plaintiffs against loss by fire on certain buildings and their contents in the town of Methuen. The total insurance on the buildings was $13,500, and there was $5,200 insurance on the contents. At the trial in the Superior Court there was evidence that on November 15, 1925, while the policies were in force, an explosion and fire occurred in the plaintiffs' property damaging the same. The policies contain the following provision: "Said property is insured for the term of          beginning on the          day of          . . . and continuing until the          day of          . . . against all loss or damage by FIRE originating from any cause except . . .; the amount of said loss or damage to be estimated according to the actual value of the insured property at the time when such loss

or damage happens, but not to include loss or damage caused by explosions of any kind unless fire ensues, and then to include that caused by fire only."

After the destruction of the buildings and contents the parties, being unable to agree as to the amount of the loss, on August 19, 1926, entered into an agreement for reference, in accordance with the provisions of the policies. This provision reads: "In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees· shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, *shall be a condition precedent to any right of action in law or equity to recover for such loss;* but no person shall be chosen or act as a referee, against the objection of either party, who has acted in a like capacity within four months." By the agreement for reference as executed Forrest N. Adams, one of three persons named by the insurer, and James A. Donovan, one of three persons named by the insured, were chosen by the parties. On August 19, 1926, the day of the execution of the agreement for reference, James C. Bates was selected by the insurance commissioner to act with Donovan and Adams as a third referee, and on August 19, 1926, the referees so chosen and selected signed an acceptance of appointment and took oath thereto.

The agreement for reference contained the following provision: "The parties hereto waive objection to any Referee chosen hereunder, on the ground of his having acted in a like capacity within four months." Before any hearing was started, on September 8, 1926, at the first meeting of the referees, just before the agreement for reference was given to the plaintiffs for their signature, Henry K. Hyder, who had full and complete authority to act for his brother Saseen K. Hyder, had a talk with Forrest N.

Adams whereat he said, "Mr. Adams, have you served in a similar capacity?" and Adams replied, "I have, but not for the same companies." Thereupon Henry K. Hyder signed the agreement for reference which contained the provision waiving objection to any referee because of his having acted in a like capacity within four months. At the trial in the Superior Court certificates from the records kept in the office of the commissioner of insurance were introduced which showed that on July 2, 1926, Adams was referee and had served to some undescribed extent in a like capacity in a reference wherein two of the present defendant insurance companies were defendants. Upon the fact admitted in the defendants' brief of the service of Adams in a like capacity, and upon the falsehood of the statement as to such service which on the evidence could have been found not to have been known to the plaintiffs until after the award of the referees had been made, the plaintiffs alleged in their declaration, and now contend, that Adams was disqualified and that the award is not "final and conclusive" upon them. The plaintiff Henry K. Hyder testified that, about three days before the conclusion of the hearings, "Some attorney told him that Judge Adams had served in the same capacity within four months for the same companies, and two or three days afterwards he spoke to Judge Adams about it coming back from the Country Club. He said, 'Judge Adams, is it true you served in the same capacity for the same companies that this case involved?'" and "He said, 'No, sir.'" Henry K. Hyder also testified that before he signed the agreement he was told by counsel for the insurance company about his right to object to any man acting as referee in a reference who had acted for the same companies within four months; that he knew when he signed the agreement he was waiving his rights and asked the question of Adams "Just simply to protect my rights." No evidence was introduced for the defendants.

In the circumstances disclosed, the defendants contend that the plaintiffs if they had any right to object to Adams waived it, citing *Eaton* v. *Globe & Rutgers Fire Ins. Co.* 227

Mass. 354 at page 367: "If it appears that he had means of ascertaining the falsity of the statement made to him or that the nature of the transaction and circumstances attending were such as to put a reasonable person upon inquiry, the presumption of deceit arising upon proof of fraud will be repelled and the party will be left to take the consequences of his own want of due care, diligence and caution, and the party cannot escape from an obligation which he has voluntarily assumed on the ground he has been defrauded if he neglects to avail himself of the means of information within his reach." The defendants also contend that on the evidence it sufficiently appears that the plaintiffs were aware of facts which at least should have put them on inquiry, and which, by reasonable diligence and inquiry, would have developed the facts produced at the trial, and cite *Commonwealth Tobacco Co.* v. *Alliance Ins. Co.* 238 Mass. 514 at page 517: "A party cannot go forward voluntarily after such knowledge and then complain that he did not get that to which he was entitled. When he chose to proceed without protest he could not afterwards elect to repudiate the award made, if that which happened was a result which might reasonably be produced by the known infirmity."

The evidence warranted a finding by the referees that the loss sustained by the plaintiffs was caused by an explosion, and a fire which ensued. The finding of the referees of $1,451 was consistent with the theory that the explosion preceded a fire, and that the loss or damage which the referees found was sustained was such loss only as was caused by the fire. At the close of the plaintiffs' evidence both parties rested and the judge allowed motions of the defendants ordering verdicts for the plaintiffs for the face of the award plus interest, stating to the jury, "In these cases it appears to the court there is no evidence to be submitted to you, attacking either the validity or the finality of the award, and therefore, verdicts are ordered in accordance with the motions made, as follows: . . . the said amounts being the amounts of the award made in favor of the plaintiffs by the referees, with interest to the date of the trial." The judge, at the request of the parties, then reported said cases to

the Supreme Judicial Court upon the stipulation that if his order in the several cases was erroneous, judgment should be entered for the plaintiffs against the several defendants in certain defined amounts which are hereinafter stated.

On the entire case we are of opinion the evidence required a submission to the jury of the question whether, under all the circumstances and acting as a reasonable man, Hyder was justified without other investigation than such as he made in believing that Adams had not acted in like capacity within four months, and whether he was ignorant of the disqualification of Adams before the close of the hearing and declaration of the award of the referees. The ruling of the judge that "In these cases . . . there is no evidence to be submitted to you, attacking either the validity or the finality of the award" was error. It follows, in accord with the terms of the stipulation, that judgment is to be entered for the plaintiffs against the Detroit Fire & Marine Insurance Company for $2,005.35; against the Federal Insurance Company for $1,804.81; against the Mechanics Insurance Company for $1,203.21; against the Old Colony Insurance Company for $1,604.28; and against the World Fire & Marine Insurance Company for $1,323.52.

*So ordered.*