ROSE E. HANSON *vs.* CARRIE ISABELLA HANSON, executrix.

Suffolk.    March 4, 1926. — March 9, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Marriage and Divorce*, Alimony, Decree.    *Superior Court*, Decree.

After a decree *nisi* for divorce in May, 1894, which ordered a payment of weekly alimony to the libellant, had become absolute, the parties made an agreement and the libellant signed a document reading substantially as follows: "Commonwealth of Massachusetts, Suffolk, ss., Superior Court. . . . In the above entitled cause it is agreed by said . . . libellant, that she had received from the libellee . . . full satisfaction in money for the alimony decreed by said Court, . . . and said libellant also acknowledges to have received from said libellee full satisfaction to her for all future alimony and agrees not to claim alimony from the said libellee from and after this date, and consents that the decree for alimony in said cause may be revoked and dismissed." This document was filed in court and numbered (4) and an assistant clerk indorsed thereon, "Mch. 4, 1895. all'd by the Ct." On the docket this entry was made: "1895, March 4, Agreement to revoke decree for alimony (4) allowed." No further claim for alimony was made until some months after the death of the libellee in January, 1925. *Held*, that

(1) The docket entry of March 4, 1895, (4), in connection with the agreement there referred to, contained all matters of substance requisite for a final decree and was complete in detail;

(2) The indorsement by the clerk upon the agreement filed and the entry upon the docket of the court by the clerk imported affirmative action by the court of the nature stated: they showed in substance and effect a final decision by the court touching the subject of alimony;

(3) The libellant could not maintain *scire facias* for an execution for arrears of alimony.

SCIRE FACIAS for an execution against the executor of the will of Isaac William Hanson to enforce the payment of arrears of alimony alleged to be due under a decree of the Superior Court in a divorce proceeding brought by the plaintiff against the defendant's testator. Writ dated August 25, 1925.

In the Superior Court, the action was heard by *Sisk,* J., without a jury. Material findings by the trial judge are described in the opinion. There was a finding for the defendant, and the plaintiff alleged exceptions.

*N. Barnett,* for the plaintiff.

*W. H. Smart,* for the defendant.

RUGG, C.J. The relevant facts as found by the trial judge are these: — A decree of divorce *nisi* in favor of the present plaintiff, as libellant, against the libellee, the defendant's testator, was granted in May, 1894, and the libellee was ordered to pay to the libellant as alimony $6 per week until the further order of the court. Three payments were made under that decree. After the decree had become absolute, negotiations ensued between counsel for the respective parties and an offer was submitted on behalf of the libellee to the libellant to pay to her $200 "to settle the whole thing up and release him." She accepted the offer, received that sum of money and signed a paper of the tenor following: "Commonwealth of Massachusetts, Suffolk, ss., Superior Court. Rose E. Hanson, libellant *vs.* Isaac William Hanson, libellee. In the above entitled cause it is agreed by said Rose E. Hanson, libellant, that she had received from the libellee Isaac William Hanson, full satisfaction in money for the alimony decreed by said Court, the first payment of which was to be made May 21, 1894, and said libellant also acknowledges to have received from said libellee full satisfaction to her for all future alimony and agrees not to claim alimony from the

said libellee from and after this date, and consents that the decree for alimony in said cause may be revoked and dismissed." The paper was filed in court and on the back thereof was indorsed by an assistant clerk of courts, "Mch. 4, 1895. all'd by the Ct." On the docket this entry was made: "1895, March 4, Agreement to revoke decree for alimony (4) allowed." At no time after March 4, 1895, until some months subsequent to the decease of her former husband on January 8, 1925, did the present petitioner assert any claim for arrears of alimony or question the validity of the order of the court vacating the decree of alimony.

The docket entry of March 4, 1895 (4), in connection with the agreement there referred to, contains all matters of substance requisite for a final decree and is complete in detail. The indorsement by the clerk upon the agreement filed and the entry upon the docket of the court by the clerk import affirmative action by the court of the nature stated. It was in substance and effect a final decision by the court touching the subject of alimony. *Churchill* v. *Churchill*, 239 Mass. 443. An inevitable consequence of this approval by the court of the agreement of March 4, 1895, was a revocation of the earlier decree respecting the payment of alimony. The two cannot stand together as concurrently in force. The earlier must give way to the later action by the court. The result follows that no alimony is due to the petitioner. All the requests for rulings were denied rightly: the first two because unsound in law and the others because immaterial.

*Exceptions overruled.*
*Appeal dismissed.*