Rose E. Hanson *vs*. Carrie Isabella Hanson, executrix.

Same *vs*. Same.

Suffolk.    December 10, 1926. — December 18, 1926.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Sanderson, JJ.

*Practice, Civil*, New trial, Scire facias. *Marriage and Divorce*, Alimony, Revision of decree. *Res Judicata. Law of the Case.*

No abuse of judicial discretion was shown in the denial, after a finding for the defendant in *scire facias* proceedings for arrears of alimony under a divorce proceeding, of a motion, filed after rescript from this court overruling exceptions saved at the former hearing, for a new trial based solely on affidavits that an agreement, which the judge found the plaintiff had made and which precluded her from maintaining the action, was a forgery.

A petition by a libellant to revise, modify, alter or change a decree for alimony and support cannot be maintained where the record shows that, upon an agreement signed by the libellant acknowledging full satisfaction, a final decree for alimony and support had been revoked; that because of such agreement and decree, *scire facias* proceedings by the libellant had been dismissed; and that a motion for a new trial of the *scire facias* proceedings, based on alleged newly discovered evidence that the agreement was a forgery, had been heard and dismissed.

At the hearing of the petition above described, it was proper for the judge to refuse to admit evidence that the agreement was a forgery.

Scire facias for an execution against the executor of the will of Isaac William Hanson to enforce the payment of arrears of alimony alleged to be due under a decree of the

Superior Court in a divorce proceeding brought by the plaintiff against the defendant's testator. Writ dated August 25, 1925.

The case previously was before this court on exceptions saved by the plaintiff at the hearing before *Sisk,* J., who found for the defendant. The exceptions were overruled by a decision reported in 255 Mass. 238.

On July 9, 1926, the plaintiff filed a motion for a new trial in the *scire facias* proceedings on the ground of newly discovered evidence tending to show that the agreement as to alimony, which was the basis of the finding of the trial judge, was not signed by her and was a forgery. The motion was heard by *Sisk,* J., and was denied. The plaintiff alleged exceptions.

The plaintiff then on December 9, 1925, filed the

PETITION, described in the opinion, to revise the former decree in the divorce proceedings.

The petition was heard by *Weed,* J. Allegations in the petition as to the needy condition of the petitioner were admitted by the respondent. The judge excluded evidence tending to prove that the agreement previously filed in the case was not signed by her, and dismissed the petition. The petitioner alleged exceptions.

*N. Barnett,* for the plaintiff.

*W. H. Smart,* for the defendant, was not called on.

BY THE COURT. The first of these bills of exceptions was allowed respecting the denial of a motion made by the plaintiff in *scire facias* for a new trial on the ground of newly discovered evidence. The proceeding in which this motion was filed was a *scire facias* to collect an award of alimony in a divorce proceeding terminated by decree in favor of the libellant in 1895. The motion was supported by affidavits, and no counter affidavits were filed or other evidence submitted. There was no error of law in the refusal to give rulings requested or in the denial of the motion. The judge may have found that the facts set forth in the affidavits did not affect the grounds of his decision, or he may have placed no reliance on the affidavits. The whole matter rested in sound judicial discretion, which plainly was not abused.

*Damm* v. *Boylston,* 218 Mass. 557.   *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496, 497.   *Commonwealth* v. *Devereaux,* 257 Mass. 391.

The second bill of exceptions relates to a petition by the same libellant in the same divorce proceedings to revise, modify, alter, or change a decree for her support and to award an additional sum in the nature of alimony.   On the trial of this petition, evidence was offered by the petitioner to the effect that an instrument purporting to be signed by her and approved by the court, and thus constituting a final decision touching the subject of alimony, was not signed by her and was a forgery.   This evidence was excluded and the petition was dismissed, all subject to exception.   In this there was no error.   In the *scire facias* proceedings to collect alimony alleged to be due under the decree in divorce, the trial judge found that the petitioner in 1895 signed, with knowledge of its contents, an acknowledgment of the receipt of $200 in full satisfaction of past due and all future alimony, and consented that the decree as to alimony theretofore entered be "revoked and dismissed"; and that $200 was then paid her.   This court held in *Hanson* v. *Hanson,* 255 Mass. 238, that that decision was free from error in law and that the subject of alimony was thus finally settled.   So long as that decision remains of record in court, a petition of the nature here pressed cannot be maintained.   By the denial of the motion for a new trial, which on the first bill of exceptions here considered has been held free from error, the trial judge has refused to disturb that decision.   It is not necessary to consider whether the proceedings on the writ of *scire facias* in the case at bar constituted an independent civil action or, whether it was an incident of the original libel for divorce, (compare *Perkins* v. *Bangs,* 206 Mass. 408, 414, *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84, 85, and cases cited in each, and *Bank of Brighton* v. *Russell,* 13 Allen, 221, 224,) because, in either event, the petitioner cannot prevail in the case at bar.   The validity and binding force of the settlement of alimony between the petitioner and the original libellee, and the effect of the approval of the court of that settlement, were directly involved in the *scire facias* pro-

ceeding. The settlement was adjudged to be valid and binding and to have been approved by the court in 1895. In view of that adjudication, either the doctrine of *res judicata*, *Foye* v. *Patch*, 132 Mass. 105, *Hanzes* v. *Flavio*, 234 Mass. 320, 329, or the principle of the law of the case, *Blackburn* v. *Boston & Northern Street Railway*, 201 Mass. 186, 189, *Boyd* v. *Taylor*, 207 Mass. 335, 336, is an impassable barrier to the maintenance of the present petition.

Each bill of exceptions is overruled and the final decree dismissing the petition is affirmed,

*Ordered accordingly.*