GARABED THOMAJANIAN *vs.* MYRON ODABSHIAN.

Worcester.   September 24, 1929. — June 30, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Auditor, Vacation of judgment.  *Waiver.   Constitutional Law,* Impartial tribunal, Due process of law, Waiver.  *Attorney at Law.*

The mere absence of any pleadings by the respondent to a petition under G. L. c. 250, §§ 15–20, to vacate a judgment in an action does not require that the allegations of the petition be taken to be true.

One bringing such a petition cannot require the filing of pleadings by the respondent, and the judge by whom the petition is heard may dismiss it even if no pleadings are filed by the respondent.

Whether a judge to whom is presented such a petition may require the filing of pleadings thereto by the respondent *was not decided.*

There must be rigid adherence to the principle embodied in art. 29 of the Declaration of Rights.  Per RUGG, C.J.

Constitutional rights must be asserted seasonably;  there are few such rights which may not be waived.  Per RUGG, C.J.

A petition under G. L. c. 250, §§ 15–20, to vacate a judgment entered against the petitioner in an action against him by the respondent was heard solely upon the petition and an affidavit by the petitioner's

counsel, in which it was alleged that the action had been referred to an auditor who had found in the respondent's favor; that the auditor formerly had been attorney for the petitioner and had brought an action against him for professional fees about four years before the reference; that the action for fees had been disposed of by an agreement for judgment and by satisfaction of the execution a few months after its commencement; that the auditor, at the time of the reference, had stated to counsel for both parties in the action by the respondent that the petitioner had been his client, but had made no statement concerning his action for fees; and that the petitioner did not learn that the auditor was the person who had brought the action for fees until after the filing of his report. The petition was denied. Upon exceptions by the petitioner, it was *held,* that

(1) Upon the record, this court could not presume that the judge who heard the petition found to be true the petitioner's allegation that he had had no knowledge of the identity of the auditor with the person who had brought the action for fees against him: the judge properly might have inferred that the petitioner had had that knowledge, at least from the time the hearings before the auditor began;

(2) If the petitioner had had that knowledge, he could not remain silent and thereafter seek to question the auditor's decision on the ground that the auditor had been biased;

(3) Although the petitioner, under art. 29 of the Declaration of Rights, was entitled to have the action heard by an auditor as "free, impartial, and independent as the lot of humanity will admit," a finding was warranted that he had waived any right he might have had to object to the auditor on that ground;

(4) Furthermore, on the record, it could not be said as a matter of law that the auditor was unfair, biased and partial within the meaning of said art. 29: the mere bringing of an action for fees by an attorney against his client does not disqualify the attorney from acting in a judicial capacity toward the client for all time after the termination of the action;

(5) The proceedings before the auditor were not void;

(6) These proceedings did not constitute a denial of due process of law to the petitioner;

(7) There was no error in the denial of the petition.

PETITION to vacate a judgment, filed in the Superior Court on May 16, 1929, and described in the opinion.

The petition was heard by *Bishop,* J., upon an affidavit by the petitioner's counsel, and was denied. Rulings requested by the petitioner and refused by the judge are stated in the opinion. The petitioner alleged exceptions.

*J. F. Gadsby,* for the petitioner.

*J. M. Thayer,* for the respondent.

RUGG, C.J. This is a petition to vacate a judgment.

Hearing was had upon the petition and affidavits filed by the petitioner. The respondent filed no affidavits. No witnesses were heard. The petitioner presented requests for certain rulings of law, some of which were granted and others refused. The petition was denied. The petitioner excepted to the refusal to give his requests for rulings and to the denial of the petition. The petition, the affidavit of counsel for the petitioner but no other affidavits, and the requested rulings form a part of the bill of exceptions. The pertinent facts appear to be that the respondent brought against the petitioner an action at law, which in April, 1928, was referred to an auditor. His report was filed and in October, 1928, was confirmed and judgment entered for the plaintiff in that action, the present respondent, for a substantial sum. In November, 1928, the defendant in that action, the present petitioner, filed a motion to recommit the report to the auditor on the ground of newly discovered evidence. Questions of law arising on this motion were reported to the full court, were disposed of by rescript, and on April 26, 1929, judgment was entered for the plaintiff in that action. The petitioner alleges that the auditor had formerly been counsel for him and his partner, that in April, 1924, he brought an action at law against the petitioner and his partner in order to collect his bill for professional services, in which there was agreement for judgment for the plaintiff and satisfaction of execution, apparently in July, 1924, and that the petitioner first became aware in May, 1929, that the auditor was the person who had brought this action at law for professional services. The only affidavit made part of the record shows that before filing this petition the auditor stated to counsel for the petitioner that the attorneys for plaintiff and defendant in the action, judgment in which is here sought to be vacated, conferred with him touching his appointment as auditor, and that he stated that the present petitioner had formerly been a client of his but made no statement as to the refusal to pay his bill for professional services or the action at law to collect the same.

The trial judge ruled as requested by the petitioner

that he as party to the action in which the judgment sought to be reviewed was entered had an absolute right to be heard before an impartial judge, that the right of every litigant to an impartial and disinterested tribunal ought to be maintained by the court, and that the provisions of art. 29 of the Declaration of Rights of the Constitution of this Commonwealth are to have no technical or ·strict construction but are broadly applied to all classes of cases where one is appointed to decide the rights of parties. He refused to give these requested rulings: "1 The proceedings before the auditor were absolutely void. 2 The auditor was an unfair and partial tribunal, within the meaning and intent of art. 29 of the Declaration of Rights. 3 The petitioner was unlawfully deprived of his constitutional rights, as guaranteed to him by art. 29 of the Declaration of Rights. A trial before a tribunal, by which the auditor secured his appointment, by suppressing all the truth, constitutes a denial of due process of law to the petitioner. 4 The petitioner was deprived of his property, without due process of law, as guaranteed to him by the Fourteenth Amendment to the United States Constitution."

It is assumed in favor of the petitioner, although it does not so appear on this record, that affidavits in his behalf tended to support the allegations of his petition that he did not know that the auditor was the person who had sued him and his partner to recover for his professional services. It cannot be presumed on this record that the trial judge found this to be the fact. He well might have disbelieved affidavits of that nature, in view of the patent facts. *Commonwealth* v. *Crapo,* 212 Mass. 209, 210. *Damm* v. *Boylston,* 218 Mass. 557. *Hanson* v. *Hanson,* 258 Mass. 45, and cases cited. It might have been found as inferences from conceded facts that the petitioner was aware from the beginning or from the time of the hearings that the auditor was the person who had sued him four years or more before that time. A finding to that effect well might have been inferred, also, from the affidavit to the effect that before his appointment the auditor stated to the attorney at that

time representing the present petitioner that the latter had once been his client. A party having knowledge of facts possibly indicating bias or prejudice on the part of an arbitrator, referee, juror or other person having similar functions cannot remain silent and thereafter on that ground successfully object to the decision. *Fox* v. *Hazelton*, 10 Pick. 275. *Hallock* v. *Franklin*, 2 Met. 558, 560. *Commonwealth Tobacco Co.* v. *Alliance Ins. Co.* 238 Mass. 514, 516, and cases cited. *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485, 494.

The petitioner's contention cannot be sustained to the effect that, because no answer, plea or pleadings were filed by the respondent, all the allegations of the petition must be taken to be true. The present petition to vacate a judgment was brought under G. L. c. 250, §§ 15–20. It "is limited to proceedings in courts of law under the forms of the common law as distinguished from suits in equity and criminal prosecutions." *Sterling's Case*, 233 Mass. 485, 488. Compare as to equity, *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397, and as to criminal prosecutions, G. L. c. 250, §§ 9–13. This procedure is peculiar to itself. The petitioner has no right to require the filing of pleadings by the respondent, and the court has power to dismiss the petition even if none are filed. *Hastings* v. *Parker*, 168 Mass. 445. *Wrinn* v. *Sellers*, 252 Mass. 423, 425–426. The petitioner can take no benefit from the absence of such pleadings. Whether the court can by order require the filing of pleadings by the respondent is not presented on this record.

The petitioner rightly urges with emphasis the high importance of constant observance of the principle embodied in art. 29 of the Declaration of Rights that judges ought to be as "free, impartial, and independent as the lot of humanity will admit." A rigid adherence to that principle is essential to the maintenance of free institutions. It has been strictly upheld by decisions of this court. *Williams* v. *Robinson*, 6 Cush. 333. *Hall* v. *Thayer*, 105 Mass. 219. *Crocker* v. *Justices of the Superior Court*, 208 Mass. 162, 179. *Dittemore* v. *Dickey*, 249 Mass. 95, 99. It can never be relaxed. The auditor cannot be pronounced on this record

as matter of law to have been unfair, biased and partial and the proceedings void. As already pointed out, the judge may have found waiver by the petitioner of every right, even one founded on the Constitution, to object to the auditor. Constitutional rights must be seasonably asserted. There are few such rights which may not be waived. *Lebowitch, petitioner,* 235 Mass. 357, 363. *Eliason* v. *Wilborn,* 281 U. S. 457. It cannot be said that an action at law to collect his fees disqualifies an attorney at law from acting in a judicial capacity toward that client for all time after that litigation is ended. The disqualifying factor here relied upon was at an end about four years before the appointment of the attorney at law as auditor. It was said by Bell, C.J., in *Moses* v. *Julian,* 45 N. H. 52, at 57: A lawsuit "pending between a judge and a party, are good causes for recusation. . . . The bitterness of feeling resulting from a lawsuit is supposed to subside when the lawsuit has terminated." It appears by the affidavit of the present counsel for the petitioner that the auditor notified the attorneys for the parties interviewing him about accepting that trust of the relation of attorney and client formerly existing between the petitioner and him. Manifestly one acting in a judicial capacity ought to be free from bias. He cannot guard too sedulously every appearance of impartiality. *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421, 432–433. *Edwards* v. *Cockburn,* 257 Mass. 153. A refusal on the part of the attorney at law to serve as auditor would have avoided the possibility of adverse criticism. But it cannot be held that there is any error of law on this record in the denial of requests for rulings or in declining to vacate the judgment. *Ryan* v. *Hickey,* 240 Mass. 46. *Maker* v. *Bouthier,* 242 Mass. 20. *Fairbanks* v. *Beard,* 247 Mass. 8.

*Exceptions overruled.*