Agnes DeLuca *vs.* Boston Elevated Railway Company.

Middlesex.   April 10, 1942. — December 2, 1942.

Present: Field, C.J., Donahue, Dolan, Cox, & Ronan, JJ.

*Practice, Civil,* New trial.

A judge has power to vacate the allowance of a motion for a new trial and then to deny the motion at any time before final judgment has been entered.

No error appeared in a judge's exercise of his discretion in denying a motion for a new trial based on alleged newly discovered evidence bearing only on the credibility of one of several witnesses for the opposing party, where facts set out in affidavits filed in support of the motion, even if believed, did not require findings that the alleged evidence was not available to the moving party at the original trial in the exercise of reasonable diligence and that it was important evidence of such a nature as to be likely to affect the result of the trial.

Tort. Writ in the Third District Court of Eastern Middlesex dated November 29, 1939.

On removal to the Superior Court, the case was tried before *Donahue,* J.

*F. V. McMenimen,* for the plaintiff.

*R. B. Snow,* for the defendant.

Field, C.J.   This action of tort for negligence, to recover compensation for personal injuries sustained by the plaintiff as the result of a collision, on October 28, 1939, between an automobile in which she was riding and a motor bus owned by the defendant and operated by its servant, was tried in the Superior Court before a jury. The jury returned a verdict for the defendant, and stated in response to a question by the judge that they found that the operator of the motor bus was not negligent.

The plaintiff made a motion for a new trial. The only grounds of the motion here material are "That since the trial of this case, proof has come to the knowledge of the plaintiff, that a witness for the defendant, who testified at the trial as to how the accident happened, and who was

the only witness for the defendant on the street at the time of the accident, was actually not present and did not see this accident happen," and "To prevent a miscarriage of justice." The motion was heard by the trial judge on affidavits submitted in behalf of the plaintiff and counter affidavits submitted in behalf of the defendant. The court on December 18, 1941, entered the following order: "Plaintiff's motion for a new trial — as amended — allowed," and thereafter, on December 24, 1941, entered the following order: "The allowance of the plaintiff's motion for a new trial in this case, is hereby vacated, having been allowed by mistake; the amendment to the motion is allowed and the motion as amended is denied." There was no specific ruling of law or denial of any requested ruling. And there were no specific findings of fact. The plaintiff excepted to the denial of her motion for a new trial.

The plaintiff contends (a) that it was error to vacate the order allowing the motion for a new trial, and (b) that it was error to deny this motion.

1. There was no error in vacating the order allowing the motion for a new trial. This order recites that the motion for a new trial had been "allowed by mistake," but the nature of the "mistake" does not appear. This, however, is immaterial. Obviously there had been no entry of final judgment. Before the entry of such a judgment it was within the power of the trial judge to make the records of the court conform to the facts by striking therefrom an order that did not conform to the decision intended by him to be made, or, even if the order entered did so conform, it was within the power of the trial judge to reconsider his decision and, if he concluded that it was erroneous, to correct the error. And he could correct a mistake or error of either kind without further hearing or notice to the parties. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 388–389. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33. *Conway* v. *Kenney,* 273 Mass. 19, 23. *Jamnback* v. *Aamunkoitto Temperance Society, Inc.* 273 Mass. 45, 50. *Peterson* v. *Hopson,* 306 Mass. 597, 602. *Fine* v. *Commonwealth, ante,* 252, 254–260. The distinction between the power of

a judge to correct a clerical error and his power to correct a judicial error, where a final judgment has been entered, is without application to a case like the present where the case has not passed beyond the power of the court by reason of the entry of a final judgment. See *Karrick* v. *Wetmore*, 210 Mass. 578, 579–580; *Kingsley* v. *Fall River*, 280 Mass. 395, 397–398; *Prenguber* v. *Agostini*, 289 Mass. 222, 223.

2. There was no error in the denial of the motion for a new trial.

The ground for a new trial upon which the plaintiff now relies for reversal of the action of the trial judge is alleged newly discovered evidence, according to the fourth ground of the motion, considered in connection with the fifth ground thereof, to "prevent a miscarriage of justice." But as no basis for the fifth ground of the motion is disclosed by the bill of exceptions apart from the fourth ground, the fifth ground requires no independent consideration.

A new trial on the ground of newly discovered evidence cannot properly be granted unless it is found that the evidence relied on was not available to the party seeking a new trial for introduction at the original trial by the exercise of reasonable diligence, and that such evidence is material not only in the sense that it is relevant and admissible but also in the sense that it is important evidence of such a nature as to be likely to affect the result. And even if these facts are found, the judge is not necessarily bound to grant a new trial. There remains some room for the exercise of discretion by him. *Sherman* v. *Collingwood*, 221 Mass. 8, 14. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176–177. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 505. Ordinarily, subject to these limitations, where, as here, no specific rulings of law are involved, the allowance or denial of a motion for a new trial on the ground of newly discovered evidence rests in the sound judicial discretion of the judge, and his action can be overturned only if it appears that there was abuse of such discretion amounting to error of law. *Davis* v. *Boston Elevated Railway*, 235

Mass. 482, 496–497. *Madden* v. *Boston Elevated Railway,* 284 Mass. 490, 494. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 505. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348–349. See also *Nickerson* v. *Glines,* 220 Mass. 333, 335; *Long* v. *George,* 296 Mass. 574, 579.

At the original trial the evidence as to the manner in which the accident occurred was conflicting. The plaintiff introduced evidence tending to show negligence on the part of the operator of the defendant's motor bus. The defendant introduced evidence of four passengers in the motor bus tending to show the contrary. The defendant also introduced the evidence of one O'Keefe to the effect that he was on the street and saw the accident. His testimony as to the manner in which the accident occurred, though in some · particulars in greater detail, in general was in accord with the testimony of the other witnesses for the defendant. No other evidence at the trial as to the manner in which the accident occurred is set out in the bill of exceptions. No witness other than O'Keefe purported to be standing on the street at the time of the accident.

The evidence relied on in support of the motion for a new trial as newly discovered evidence was contained in affidavits of several persons to the effect that O'Keefe was not on the street at the time of the accident, but, on the contrary, was in a club room near the street, and that when the crash of the motor vehicles was heard, he went to the scene of the accident. Some of the affidavits contained statements that O'Keefe was in this club room on the day of the trial, that persons there present accused him of having testified falsely at the trial, and that O'Keefe made no answer. In a counter affidavit of O'Keefe, he stated that he was in the club room on the day of the trial, that one of the affiants was present and started "ribbing" him about having testified at the trial, that he (O'Keefe) "started to rib him" (the affiant), and that he (O'Keefe) "never at any time said that . . . [he] did not see the accident." O'Keefe stated also that he recalled his testimony at the trial and had "no desire to change or retract anything . . . [he] said." Thus the alleged newly discovered evidence

related solely to the credibility of O'Keefe as a witness at the trial. It had no direct bearing upon the merits of the case.

An affidavit of counsel for the defendant was filed by the defendant in which such counsel stated that "on October 9, 1941, . . . the Operator [of the motor bus], testified and was followed by . . . O'Keefe. During recess . . . [counsel for the plaintiff] informed me that he had sent for a witness to come down who would testify that on the day of the accident . . . O'Keefe was either in a Tavern or some room, I have forgotten which, and that he did not see the accident. At least 5 more witnesses testified after O'Keefe and nothing further was ever said to me about that witness. No request was ever made of the Court, to my knowledge, for any delay to enable counsel to procure the presence of the witness. Arguments were completed in the afternoon of October 9, 1941, and . . . [counsel for the plaintiff] and I were present in Court on October 10, 1941, and I believe every morning of the week of October 12th. On October 20, 1941, I conferred with . . . [counsel for the plaintiff] in the corridor prior to the opening of Court with reference to a Mistrial being declared because of the lapse of time between October 9th and October 20th. We both agreed that we did not desire a Mistrial and upon inquiry by the Court so informed the Court. The case was submitted to the jury after the Charge." There is nothing else in any of the affidavits bearing upon the time when the plaintiff or her counsel learned of the alleged newly discovered evidence or upon the efforts of the plaintiff to introduce such evidence at the original trial.

There is no basis in fact for holding the denial of the motion erroneous. The determination of the facts upon the affidavits was a matter for the trial judge, who made no specific findings of fact. And the denial of the motion in the absence of contrary findings imported the finding of facts consistent with the action taken. See *Johnson* v. *Johnson*, 300 Mass. 24, 28. The judge was not required to make findings that were not consistent therewith. He was not bound to believe the affidavits, in whole or in part, even in particulars

with respect to which there was no contradiction. *Hanson* v. *Hanson,* 258 Mass. 45, 46. *Thomajanian* v. *Odabshian,* 272 Mass. 19, 22. *Commonwealth* v. *Gwizdoski,* 284 Mass. 578, 581. *Commonwealth* v. *Millen,* 290 Mass. 406, 410. *Germain* v. *Raad,* 297 Mass. 73, 75. *Johnson* v. *Johnson,* 300 Mass. 24, 28. The judge was not bound to believe that the evidence set forth in the affidavits was credible. *Boston* v. *Santosuosso,* 307 Mass. 302, 353. He may have placed no reliance on the affidavits. *Hanson* v. *Hanson,* 258 Mass. 45, 46. For this reason alone the denial of the motion cannot be pronounced erroneous, and the exceptions must be overruled.

But even if the judge accepted the affidavits as true as a whole or in part, it would not follow that it was error to deny the motion. Even if he accepted the affidavits as true, he was not required to find thereon that the alleged newly discovered evidence was not available for introduction at the original trial by the exercise of reasonable diligence on the part of the plaintiff. And the judge was not required to find that this evidence was important and of such a nature as to be likely to have a material effect upon the result. The only effect of the evidence, if introduced and believed, would at most be to destroy the effect of the testimony of O'Keefe. But the defendant's case did not rest solely upon the testimony of O'Keefe. Not only could the jury have disbelieved the evidence of the plaintiff's witnesses, but they had before them the evidence of the passengers in the motor bus tending to support the verdict for the defendant. The possibility that the alleged newly discovered evidence might affect the result would not require the granting of a new trial. *Manzigian* v. *Boyajian,* 183 Mass. 125. *Powers* v. *Bergman,* 210 Mass. 346. *Henry L. Sawyer Co.* v. *Boyajian,* 298 Mass. 415. Furthermore, "a new trial will not ordinarily be granted on the ground of newly discovered evidence which goes only to impeach the credit of a witness at the trial." *Hopcraft* v. *Kittredge,* 162 Mass. 1, 13. *Barrett* v. *O'Connell,* 295 Mass. 515, 516. *Graustein, petitioner,* 305 Mass. 571, 572. *Curley* v. *Boston,* ante, 58, 69. Nothing appears in the bill of exceptions to

take the case out of this ordinary rule. Clearly no abuse of discretion in denying the motion for a new trial is shown.

*Exceptions overruled.*