WILLIAM W. BUCKLEY *vs.* PANDELI JOHN & others.

Worcester.     September 25, 1944. — October 25, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Equity Pleading and Practice*, Master: qualification.

Upon reported evidence at a full and complete hearing, findings were proper that a master who had heard a suit in equity had not acted as attorney for one of the parties in another matter, was "absolutely disinterested," and was without bias or prejudice.

BILL IN EQUITY, filed in the Superior Court on February 25, 1941.

The "motions" by the defendant Demetri John described in the opinion were heard by *Hammond*, J. That defendant appealed from decrees denying such motions and from the final decree after rescript.

*F. P. McKeon*, for the defendant Demetri John.

*S. B. Milton*, (*R. C. Milton* with him,) for the plaintiff.

QUA, J. After the rescript ordered when this case was here before (*Buckley* v. *John*, 314 Mass. 719) the Superior Court entered a decree which it is not contended failed in any respect to comply with the rescript. Thereafter the defendant Demetri John filed two "motions" by which he sought in substance a rehearing of the entire cause on the alleged ground that the master to whom it had been referred was, at the time of the hearings before him, attorney for the plaintiff in another entirely different matter.

Nothing would be gained by stating at length the details of these inartificially drawn "motions" with their conflicting prayers, or by discussing whether the court below could entertain such "motions" after the actual entry of the decree after rescript, even though counsel for the defendant now appealing failed, possibly by inadvertence, to appear at the hearing on that decree. See *Carilli* v. *Hersey*, 303 Mass. 82, and cases cited. But see also *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 423–424, and cases

cited. It is enough that the trial judge gave the appealing defendant a full and complete hearing on the matter complained of and has properly found on sufficient evidence, in the admission of which there was no error, that the master was not acting as attorney for the plaintiff; that the master was "absolutely disinterested"; and that he was without bias or prejudice.

The judge could properly find on the evidence that no relation of attorney and client existed between the plaintiff and the master, even though a partner of the master, a friend of the plaintiff, had, as the judge could find, individually and not as a member of the firm, as a personal favor, without knowledge of the existence of this suit, and without the master's knowledge, acted in behalf of the plaintiff in an unrelated action, and even though the partner had caused the firm name to be entered on the docket, the plaintiff having no relations with other members of the firm and not intending that the firm should act for him, and the firm, while the master was a member, receiving no financial benefit. Moreover, there was no evidence when or how the appealing defendant discovered the evidence on which he now relies to show disqualification of the master. For aught that appears he may have known all that he now complains of during the progress of the hearings and of the elaborate and costly proceedings that led up to the former appeal to this court. *Thomajanian* v. *Odabshian*, 272 Mass. 19, 23–24. The case is distinguishable from *Beauregard* v. *Dailey*, 294 Mass. 315, 324–325.

Since the practical result will be the same, we assume, but without decision or intimation, that the machinery employed by the trial judge was permissible. The decrees appealed from relating to the motions are affirmed, and the appeal from the final decree after rescript is dismissed, with costs of these appeals to the plaintiff against the appealing defendant Demetri John.

*So ordered.*