Louise R. Swenson *vs.* Robert R. Wood. August 18, 1981. The parties were divorced by a decree nisi entered on February 16, 1971, which became final six months from the date of entry. A prior written separation agreement was incorporated and merged into the decree. The agreement required the husband to pay to the wife $40 a week as child support and to provide a full four-year college education for the couple's minor child.

On March 7, 1978, after the husband failed to reimburse the wife for the child's first college expense, the wife filed a complaint for contempt of the decree. She also filed a complaint for modification of the decree, requesting that the husband be required to pay all college educational expenses "upon presentment." On September 19, 1978, the husband filed a complaint for modification requesting that the decree be modified by de-

leting the requirement that he provide support and pay for a four-year college education. After a hearing, the judge filed his findings and entered a judgment on July 16, 1979, dismissing the husband's complaint, allowing the wife's complaint for modification, and finding the husband in contempt of the 1971 decree. On December 5, 1979, the husband's motion for a new trial based on newly discovered evidence was denied. The husband appeals from both the judgment and the denial of his motion for a new trial.

The husband asserts as error the judge's failure to consider the income of the wife's present husband in his determination whether the wife's circumstances had changed substantially enough to warrant a modification of the decree. See *Silvia* v. *Silvia*, 9 Mass. App. Ct. 339, 342 (1980). See also *Schuler* v. *Schuler*, 382 Mass. 366, 376-377 (1981). However, the judge did consider the income of the wife's present husband and justifiably concluded, "[a]lthough mother derives some economic benefits from [the present husband's] income it is not shared in such a manner as to make substantial moneys or assets available for the support, education or maintenance of her son." The finding is fully supported by the evidence.

For the reasons stated, we hold that the judge did not err in finding that there had been no material change in circumstances and that the husband is able to continue the support payments and pay for the child's educational expenses as provided by the decree.

The husband's motion for a new trial was properly denied. The husband complains that after the judgment was entered on July 16, 1979, he discovered that the wife had failed to disclose that she holds mortgages from her present husband in the amount of $29,000 randomly allocated to the home ($19,000) and a boat ($10,000) she and her present husband own jointly. In her financial statement, introduced at trial, the wife represented that she held a one-half interest in the home. The husband does not argue that the assets were not included in the wife's financial statement. He argues that because they were listed in an incorrect form (capital assets rather than mortgages), a new trial is required. Where the issue is the change in the parties' circumstances, the matter "lies in large measure within the discretion of the trial judge." *Heistand* v. *Heistand*, 384 Mass. 20, 26 (1981). We cannot conclude that the judge was required to find that the additional evidence was "important evidence of such a nature as to be likely to affect the result." *DeLuca* v. *Boston Elev. Ry.*, 312 Mass. 495, 497, 498-500 (1942). *Spiller* v. *Metropolitan Transit Authy.*, 348 Mass. 576, 579 (1965). *Blaikie* v. *District Attorney for the Suffolk Dist.*, 375 Mass. 613, 619 (1978). We note in this connection that the funds representing the wife's interest in the house and the boat are directly traceable to her share of the proceeds from the sale of the parties' marital home. The judge properly concluded that this is not a case where "a miscarriage of justice would result" unless a new trial were granted. We, therefore, affirm the judgment and the order denying the

husband's motion for a new trial. *Nicholas* v. *Lewis Furniture Co.*, 292 Mass. 500, 507 (1935).

*So ordered.*

*William F. Lally* for the defendant.
*Thomas R. Leedham* for the plaintiff.