ROBERT A. POSKUS *vs.* LOMBARDO'S OF RANDOLPH, INC.,
& another.[1]

No. 98-P-1334.

Plymouth. January 6, 2000. - February 7, 2000.

Present: PERRETTA, KASS, & LENK, JJ.

*Practice, Civil,* Relief from judgment. *Rules of Civil Procedure.*

A Superior Court judge was without authority to allow, under Mass.R.Civ.P.
60(b)(6), a motion for relief from judgment based on assertedly newly
discovered evidence, filed after the one-year time limitation prescribed for
such a motion by Mass.R.Civ.P. 60(b)(2). [527-528]

CIVIL ACTION commenced in the Superior Court Department on
February 21, 1991.

A motion for relief from judgment, filed on January 26, 1998,
was heard by *Suzanne DelVecchio,* J.

Leave to prosecute an interlocutory appeal was allowed by
*Laurence,* J.

*Ronald E. Harding* for Lombardo's of Randolph, Inc.

*J. Michael Conley* (*Kristen A. McEnelly* with him) for the
plaintiff.

KASS, J. Under Mass.R.Civ.P. 60(b)(2), 365 Mass. 828 (1974),
a motion for relief from judgment based on newly discovered
evidence must be made within one year of final judgment. In
light of that limitation, the motion of the plaintiff, Poskus, for
relief from judgment was late, having been filed thirteen months
after the entry of judgment after rescript (following appeal, suc-
cessively, to the Appeals Court and the Supreme Judicial Court[2])

---

[1]Albert A. Gorman, "who is not involved in this appeal. A separate final
judgment was entered in favor of Lombardo's of Randolph, Inc. See Mass.R.
Civ.P. 54(b), 365 Mass. 820 (1974)." *Poskus* v. *Lombardo's of Randolph, Inc.,*
423 Mass. 637, 637 n.1 (1996).

[2]*Id.* at 637.

and three and one-half years after the entry of a separate final judgment in the Superior Court.

To surmount this obstacle the plaintiff relies on the authority of the motion judge to grant relief from judgment under Mass. R.Civ.P. 60(b)(6), 365 Mass. 829 (1974), for "any other reason justifying relief from the operation of the judgment." Such a motion was allowed by a judge of the Superior Court on February 10, 1998. On March 12, 1998, a single justice of this court granted Lombardo's of Randolph, Inc.'s (Lombardo's), motion for leave to file an interlocutory appeal from the allowance of that motion.

A motion under rule 60(b)(6), however, does not lie for any reason set forth in subparagraphs (b)(1) through (b)(5). *Chavoor* v. *Lewis*, 383 Mass. 801, 806 (1981). *Parrell* v. *Keenan*, 389 Mass. 809, 814-815 (1983). Newly discovered evidence, of course, is one of those. The motion to vacate the judgment against Poskus was, therefore, not within the authority of the Superior court judge to allow.

The plaintiff argues that subparagraph (b)(2) of Mass.R.Civ.P. 60 is inapplicable because the rule refers to evidence that is newly discovered after *trial*. That argument misreads the rule. Subparagraph (b)(2) speaks of newly discovered evidence which would be the basis of a new trial *after* judgment. It presupposes the fact of a prior judgment, not the fact of the full panoply of a prior trial. It would be anomalous to afford relief because of newly discovered evidence only from a judgment entered after trial, but not from a judgment entered after a motion for summary judgment. The latter procedure, after all, is not without an evidentiary component. For examples of the application of the parallel Federal rule 60(b)(2) to summary judgments, see *Alpern* v. *Utilicorp United, Inc.*, 84 F.3d 1525, 1535 (8th Cir. 1996); *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A.* v. *Blue Cross Blue Shield of Georgia, Inc.*, 755 F. Supp. 1055, 1058 (S.D. Ga. 1990). Cf. *Foley* v. *Lowell Div. of the Dist. Ct.*, 398 Mass. 800, 803 (1986), in which there was no underlying proceeding with an evidentiary component.

We may add that Poskus produced no new evidence as that. term is generally understood, i.e., evidence that the party offering it could not have discovered by the exercise of reasonable diligence before the entry of final judgment. *Culken Enterprises, Inc.* v. *Massachusetts Property Ins. Underwriting Assn.*, 399 Mass. 886, 894-895 (1987), citing *DeLuca* v. *Boston Elev. Ry.*,

312 Mass. 495, 497 (1942). The evidence that Poskus attempts to characterize as "new" concerned Gorman having been served too much to drink at Lombardo's on the night the plaintiff was hurt chasing him. That evidence emerged at Gorman's deposition taken on October 16, 1997, more than three years after a separate final judgment was entered in Superior Court. (The deposition was noticed by Lombardo's in conjunction with its defense of the cross claim filed by Gorman). The record discloses no basis for Poskus's failure to depose Gorman earlier. That Gorman was uncooperative and did not respond to notices of his deposition is an insufficient reason. It was open to Poskus to compel Gorman's deposition. See Mass.R.Civ.P. 30(a), 365 Mass. 781 (1974); Mass.R.Civ.P. 45(d), 365 Mass. 810 (1974). Or Poskus could have sought a continuance under Mass.R. Civ.P. 56(f), 365 Mass. 824 (1974), to enable him to take Gorman's deposition before the judge decided the summary judgment motion. See, e.g., *Godbout* v. *Cousens*, 396 Mass. 254, 262 n.11 (1985).

Parenthetically, were the plaintiff not blocked on procedural grounds, as described above, the liability that the plaintiff asserts against Lombardo's is beyond the outer circle of foreseeable consequences. *Poskus* v. *Lombardo's of Randolph, Inc.*, 423 Mass. 637. *Barnes* v. *Geiger*, 15 Mass. App. Ct. 365, 368-369 (1983).

The order allowing relief from judgment and amendment of complaint is reversed, and the judgment entered after rescript shall stand.

*So ordered.*