The defendant, Charles Doucette, appeals from an order of a District Court judge continuing a permanent abuse prevention order under G. L. c. 209A. As we previously remanded for fresh consideration whether an earlier abuse prevention order should be extended, and it does not appear that such consideration was provided, we remand for further proceedings.
On February 28, 2011, a District Court judge extended an ex parte abuse prevention order for one year (2011 order). The defendant was incarcerated at the time and did not appear. M.M. v. Doucette, 92 Mass. App. Ct. 32, 36 (2017). On February 27, 2012, the same judge made the abuse prevention order permanent. Again, the defendant was incarcerated and did not appear. Id. at 37.
The defendant appealed. We concluded that, because the defendant had notice of the 2011 hearing but failed to request to be heard, "the order was properly extended." Id. at 36. Because, however, the defendant made "a genuinely plausible representation" that he received no notice of the 2012 hearing at which the order was made permanent, we held that he should have been given a hearing on the 2012 extension of the 2011 order. Id. at 39. Accordingly, we remanded for a "hearing at which, after reasonable notice to both parties and an opportunity for them to be heard, the judge shall decide whether the order should continue permanently, or for a different period of time, or whether it should be terminated." Id.
At that hearing, the defendant filed a document entitled, "motion to vacate permanent restraining order." The motion challenged the issuance of the 2011 order as a "fraud upon the court" and pointed to newly-discovered evidence that impeached the plaintiff. The motion also insisted that "today the plaintiff can in no way produce evidence before the court to warrant the order to be extended." At the hearing, a different District Court judge patiently heard from the defendant, but told him, "what we're here for today is to see what has changed since [the earlier judge] issued the order on February 27th of 2012." After the hearing, in his "Findings and Order on Defendant's Motion to Vacate Abuse Prevention Order," the judge made factual findings, stated that he "cannot conclude that [the earlier judge's] order of February 27, 2012[,] must be vacated on the ground of inconsistencies," and denied the defendant's motion to vacate. The defendant appealed.
To prevail on a claim of fraud on the court, the defendant must "demonstrate[ ], clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter." M.C.D. v. D.E.D., 90 Mass. App. Ct. 337, 341 (2016), quoting Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 729-730 (2006). To vacate an abuse prevention order because of newly-discovered evidence, a defendant has the burden of demonstrating the existence of material newly-discovered evidence that could not have been discovered previously through the exercise of due diligence. See Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 775 (2005).
We can discern no error in the judge's conclusion that the defendant did not meet his burden in showing a fraud on the court or newly-discovered evidence requiring the vacation of the 2011 order. The newly-discovered trial testimony merely impeached the plaintiff's testimony, and "a new trial will not ordinarily be granted on the ground of newly-discovered evidence which goes only to impeach the credit of a witness at trial." Mitchell, 62 Mass. App. Ct. at 776, quoting DeLuca v. Boston Elev. Ry., 312 Mass. 495, 500 (1942). A fraud on the court requires more than "a false allegation," but rather "a deliberate scheme ... typically involving others in the court system, combined with a larger pattern of harassment." M.C.D., 90 Mass. App. Ct. at 342.
Nonetheless, in M.M., 92 Mass. App. Ct. at 39, we remanded for a hearing on whether the 2011 order should be extended. "The inquiry at an extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1." Iamele v. Asselin, 444 Mass. 734, 739 (2005). The defendant may not "challenge the evidence underlying the initial order," but the judge must consider "the totality of the conditions that exist at the time that the plaintiff seeks the extension." Id. at 740-741.
The record does not reflect that the judge considered the hearing that he held to be an extension hearing, that he determined that the plaintiff had met her burden, or that the judge exercised his discretion to determine the proper length of the extension. See Smith v. Jones, 75 Mass. App. Ct. 540, 544 (2009) (judge has discretion to determine length of extension).
Accordingly, we again remand for a hearing on whether to extend the 2011 abuse prevention order and for the judge to decide whether the order should continue permanently, or for a different period of time, or whether it should be terminated. The restraining order shall remain in effect until such a hearing is conducted and the issue is decided.
So ordered.
Vacated and remanded