NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-294

BLB TRADING, LLC

vs.

BRUCE BOGUSLAV & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants Linda and Bruce Boguslav (collectively Boguslavs or individually, Linda or Bruce) appeal from a Housing Court judge's order denying their motion for relief from judgment.[2] We affirm.

Background. We need not detail the complex procedural and factual history in this postforeclosure summary process matter except to note that a judgment of possession entered in favor of the plaintiff, BLB Trading in August 2017. That judgment was

---

[1] Linda Boguslav.

[2] In that same order the motion judge also dismissed the Boguslavs' earlier-filed merits-based appeal from the judgment itself, which appeal originally entered on our docket as 17-P-1631. The Boguslavs have not, however, made any discernable argument addressing that aspect of the order; as such, we deem it waived. Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief").

based in large part on the preclusive effects of earlier-entered judgments in both State and Federal court.[3]  The Boguslavs filed a timely notice of appeal from that judgment; the appeal eventually was dismissed, see note 2, supra.  See BLB Trading, LLC vs. Boguslav, No. 17-P-1631 (Sept. 30, 2021).

In the interim, the Boguslavs filed a motion for relief from judgment.  They argued that newly discovered evidence had come "to light with both significant legal and substantive relevance.  This evidence demonstrates that BLB's claim to own the Boguslav mortgage is knowingly and intentionally false" and that had such evidence previously been known and available "it would probably change this court's decision."  A judge denied the motion, ruling that whether considered under either subsections (2) or (6) of Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974),[4] the motion was untimely, having been filed more than two

---

[3] See BLB Trading, LLC vs. Boguslav, Worcester Hous. Ct., No. 16-SP-0682 (June 10, 2016); Boguslav vs. BLB Trading, LLC, Worcester Sup. Ct., No. 1585CV01904 (Dec. 22, 2015); Boguslav v. BLB Trading, LLC, 136 F. Supp. 3d 11 (D. Mass. 2015), aff'd, U.S. Ct. App., No. 15-2295 (1st Cir. Nov. 15, 2016).

[4] Rule 60 (b) generally provides that a party may in certain circumstances seek relief from a judgment.  Subsection (b) (2) specifies that such relief may be had if there exists "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" provided that such motion is made "not more than one year after the judgment . . . entered."  Subsection (b) (6) specifies that such relief may be had for "any other reason justifying relief from the operation of the judgment" provided that such motion is "made within a reasonable time."

years after the Boguslavs had knowledge of the purportedly newly discovered evidence.  In the alternative, the judge concluded that the Boguslavs failed to demonstrate adequate grounds to reopen the judgment.

Discussion.  We review an order on a motion for relief from judgment for abuse of discretion.  Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass'n, 399 Mass. 886, 894 (1987).  A "discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  For the reasons that follow, we agree with the judge's conclusion that the motion for relief from judgment was untimely.[5]

In a March 25, 2019 adversary complaint filed by Linda in her chapter 13 bankruptcy proceeding, the Boguslavs asserted that BLB Trading "was not the holder of the Boguslav Mortgage and/or Promissory Note . . . since at least February 12, 2014 well before their claimed foreclosure of the Boguslav Residence on December 21, 2015 based upon sworn evidence and testimony

---

[5] Nothing herein should be taken to suggest that we think the arguments raised by the defendants have merit.  To the contrary, the record materials upon which the defendants rely appear to undercut their defenses.

3

recently discovered by the Boguslav's in a case in Florida." These appear to be the same claims, supported by many of the same documents, as the Boguslavs raised in their motion for relief from judgment in the Housing Court. Otherwise put, and as the motion judge observed, the Boguslavs "had to be aware of the documents in the Florida case well before March 25, 2019 given that they had to spend time to analyze, organize and distill the Florida case information into Linda Boguslav's adversary complaint." Regardless, the Boguslavs waited more than two years before they filed the motion for relief from judgment. The motion judge, in a well-reasoned decision, found this delay to be unreasonable.

First, the motion judge rejected the Boguslavs' assertion that they were unable earlier to file because the automatic stay then in place in Linda's chapter 13 proceeding prohibited them from doing so, the judge pointing out that even if the automatic stay applied, a question we need not decide, "the bankruptcy court lifted the automatic stay on February 27, 2020. The defendants have not presented any reasonable explanation for their more than fifteen . . . month delay (measured from February 27, 2020) in filing their motion for relief from judgment in the Housing Court that was based on this 'newly available' evidence." Second, the judge concluded that while "both parties stand to be prejudiced depending on the outcome of

4

the motion . . . the potential prejudice" to BLB Trading

significantly outweighed that which the Boguslavs might

experience because

> "over an 11-year period (measured from the date of the
> mortgage loan to the date of the foreclosure sale) [the
> Boguslavs] made only one mortgage loan payment and owe
> $767,486.02 (the deficiency remaining on the mortgage loan
> after the foreclosure sale of the property). However,
> given the extensive litigation history involving this
> foreclosure and the fact that every court that has ruled on
> the matter has concluded that BLB held the Boguslav
> promissory note and mortgage immediately prior to and at
> the time of the December 2015 foreclosure sale, any
> prejudice that might inure to the [the Boguslavs] is offset
> by the prejudice to BLB resulting from their inability to
> secure possession of the property, and the important
> interest in finality."

For present purposes we need not decide under which part of

rule 60 (b)'s several subsections the Boguslavs' motion was

brought as the judge concluded that the motion was not brought

within a "reasonable time." See Poskus v. Lombardo's of

Randolph, Inc., 48 Mass. App. Ct. 527, 527-528 (2000) (motion

for relief from judgment based on newly discovered evidence must

be brought within one year of judgment and time may not be

extended by recharacterizing motion as being under subsection

[b] [6]). In so concluding the motion judge carefully considered

"the reasons for [the Boguslavs'] delay; the ability of [the

Boguslavs] to learn of the grounds earlier; prejudice to the

parties, if any; and the important interest of finality." Owens

v. Mukendi, 448 Mass. 66, 74 (2006). Even at this late date the

5

Boguslavs have made no genuine attempt to address the judge's analysis or, most particularly, to explain the more than two year delay between the latest date they reasonably could claim to have "discovered" the now proffered "newly discovered evidence" and the date they filed their motion (roughly four years after the 2017 judgment entered).

In short, we are satisfied that the motion judge did not abuse his discretion by concluding that the Boguslavs failed to bring their motion for relief from judgment in a timely manner; we conclude that the judge's decision fell well within the bounds of reasonable alternatives and otherwise was according to law. See L.L., 470 Mass. at 185 n.27; Sarin v. Ochsner, 48 Mass. App. Ct. 421, 426 (2000) (nearly three year delay unreasonable). See also Owens, 448 Mass. at 74 (determining whether motion brought within reasonable time "must of necessity depend upon the facts in each individual case" [quotation and citation omitted]).

The Boguslavs' unsupported speculation that the motion judge may have been influenced improperly by certain news reports concerning the Housing Court's operations, as well their assertions that the judge displayed bias or otherwise was prejudiced against them, is without merit. It is significant that the Boguslavs did not move to recuse the judge. See Poly v. Moylan, 423 Mass. 141, 150 (1996), cert. denied sub nom Poly

6

v. Cargill, 519 U.S. 1114 (1997) (failure to move for disqualification or recusal of judge "does not necessarily mean there was no bias" but "we do take this into consideration when viewing the record").  Moreover, the comments and rulings of which the Boguslavs now complain "almost never constitute[] a valid basis for a bias or partiality motion" (citation omitted).  Commonwealth v. Deconinck, 480 Mass. 254, 268 (2018).  It is enough for present purposes to say that we have reviewed the record in detail and conclude that the motion judge's rulings were uninfluenced by any considerations other than the law and materials before him; the Boguslavs have "failed to point out in any concrete way how the judge's conduct might have harmed [them] apart from the judge's decisions," Poly, supra; and the judge's occasional, unobjectionable comments at the hearing do not in our view reflect any improper bias or prejudice, let alone "such a high degree of favoritism or antagonism as to make fair judgment impossible" (citation omitted).  Deconinck, supra at 269.  To the extent we have not specifically commented on the

Boguslavs' remaining arguments, they "have not been overlooked. We find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).[6]

Order entered September 28, 2021, denying motion for relief from judgment affirmed.

By the Court (Milkey, Blake & Sacks, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  October 6, 2023.

---

[6] BLB Trading's request for appellate attorney's fees and costs is denied.

[7] The panelists are listed in order of seniority.