NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-570

KIM KAPLAN

vs.

JOANNE THOMAS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23

Following a summary process bench trial in the Housing Court, judgment entered awarding possession of the apartment the defendant (tenant) lived in to the plaintiff (landlord).[1]  The tenant filed a notice of appeal, followed by a motion labeled as one "for relief from judgment [under] [Mass. R. Civ. P.] 60 (b)," 365 Mass. 828 (1974), and "Motion to vacate" (motion for relief from judgment).  A judge dismissed the tenant's direct appeal as untimely and denied her motion for relief from judgment.  On appeal, the tenant's primary argument is that the judge wrongly denied her motions to continue and for relief from

---

[1] On the second day of trial, the judge denied the tenant's motion to continue.

judgment where she was forced to trial without counsel and without the evidence needed to support her position.

We review a motion for relief from judgment for abuse of discretion. See Fort Point Invs., LLC v. Kirunge-Smith, 103 Mass. App. Ct. 758, 763 (2024). Here, the tenant's March 30, 2022 motion for relief from the February 8, 2022 judgment indicated that it was pursuant to Mass. R. Civ. P. 60 (b), and the reason given was "Motion to Vacate (see attachments)." According to the motion judge, who was also the trial judge, the attachments consisted of "text messages, tenancy agreements and letters." After review, the judge determined that these documents were all available to the tenant at the time of trial but that she had failed to bring them to court.[2] The failure to present at trial available evidence, or evidence that could have been obtained by reasonable diligence, is not a ground to vacate a judgment. See Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 361, 366-368 (2008); Poskus v. Lombardo's of

---

[2] The judge noted that one document was dated postjudgment -- a letter from the inspectional services department of the city of Worcester, indicating that an inspection had been done on February 23, 2022 (one day after the tenant's late-filed notice of appeal) and listing violations of the State sanitary code. The judge commented that the tenant could have easily obtained such a document earlier by calling the board of health.

2

Randolph, Inc., 48 Mass. App. Ct. 527, 528 (2000), and cases cited.

On appeal, the tenant acknowledges that the evidence she presented in support of her motion for relief from judgment existed prior to trial. She contends, however, that she was unable to present it because she had given the evidence to her trial attorney, and was relying on her trial attorney to present it at trial. She explains that, on the scheduled trial date of December 30, 2021, her trial attorney urged her to enter into a settlement and indicated that he would not represent her at trial. Nevertheless, the transcript of the December 30, 2021 trial reflects that the tenant's attorney told the judge that he was ready to go forward with trial. Trial in fact began but was suspended when it was discovered that there was another occupant of the premises who may not have received proper notice of the eviction proceedings.

Trial counsel did file a motion to withdraw just before the next trial date of February 3, 2022. On that date, the tenant's counsel explained that the tenant had requested him to withdraw. The judge asked the tenant whether she wanted him to withdraw. Although the tenant sought to clarify that it was the attorney who initially indicated that he would not represent her at trial, she agreed that she also wanted him to withdraw at that

point.  The tenant requested a continuance to get new counsel.
Based on the tenant's representation that her counsel wanted to
withdraw from the case as of the last trial date, the judge
determined that she had had sufficient time to obtain successor
counsel.  When the judge asked the tenant to proceed with her
defense, the landlord's prima facie case having been established
on the first trial date, the tenant stated that she did not have
any of her evidence.  The judge proceeded with the tenant's
testimony, asking about her defenses and counterclaims.
Ultimately, the judge ruled in favor of the landlord on his
claim for possession and against the tenant on her
counterclaims.

Although the propriety of the judge requiring the tenant to
go forward to trial without counsel and without her documentary
evidence was not squarely before the trial judge when he
considered the tenant's motion for relief from judgment, the
tenant raises that issue on appeal.  To the extent the issue is
preserved, we discern no abuse of discretion.  See Care and
Protection of Quinn, 54 Mass. App. Ct. 117, 120 (2002) (whether
to grant continuance of trial is matter within sound discretion
of trial judge and will not be reversed absent showing of
abuse).  The tenant had indicated that she knew of issues
between herself and her attorney as of the first trial date and

4

that she had pursued multiple avenues to obtain successor counsel.  A month later, she had no prospects for another attorney.  The judge could well have determined that a further continuance was unlikely to yield better results.  Likewise, the tenant appeared on the second day of trial aware that her trial counsel was likely to withdraw.  The judge could well have determined that she should have been prepared to go to trial.

Indeed, the judge found that the plaintiff's motion for a continuance on the second day of trial, after she had requested and had been denied a continuance on the first day of trial, was an attempt to delay the trial without good cause.  See Mass. R. Civ. P. 40 (b), 365 Mass. 802 (1974) ("Continuances shall be granted only for good cause").  Given the history of the case, including that it had been pending for approximately eight months and involved a no-fault eviction upon thirty days' notice to quit, we discern no abuse of discretion in the judge's denial of the tenant's motion to continue the trial.  See Morse v. Ortiz-Vazquez, 99 Mass. App. Ct. 474, 480 (2021) (summary process rules must be interpreted and applied to "secure the

just, speedy, and inexpensive" resolution of the case [citation omitted]).[3]

Order denying motion to continue affirmed.

Order dated April 1, 2022, dismissing defendant's appeal and denying motion for relief from judgment, affirmed.

By the Court (Desmond, Shin & Singh, JJ.[4]),

Clerk

Entered: June 25, 2024.

---

[3] The tenant mentions in her brief that the trial court's notice of judgment went to her attorney, even though he had withdrawn from the case, and that this caused her original notice of appeal from the judgment to be untimely. Yet, the tenant acknowledges that her attorney forwarded to her the notice of judgment so that she received it with four days remaining to file a timely notice of appeal.

The tenant also mentions in her brief that "[t]his appeal is based on the court's decision on the hearing that the [tenant] missed on April 19, 2022," and argues that she received late notice of that hearing. However, the tenant filed a February 22, 2022 notice of appeal from the February 8 judgment, which was untimely, and an April 11, 2022 notice of appeal from the judge's April 1, 2022 order (dismissing the original notice of appeal and denying her motion for relief from judgment), which was timely. That is the basis of this appeal. The April 19, 2022 hearing related to an April 11, 2022 motion for relief from judgment, which was denied on April 19, 2022. No appeal was taken from that ruling.

[4] The panelists are listed in order of seniority.

6